## F. G. JONES v. THE STATE.

No. 15871.   Delivered April 19, 1933.
Reported in 59 S. W. (2d) 418.

The opinion states the case.

*Allen & Allen,* of Hamilton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is swindling; penalty assessed at a fine of ten dollars.

The prosecution is under subdivision 4 of article 1546, P. C., 1925. The basis of the charge is that F. G. Jones, on the 8th day of February, 1932, acquired from Jim McClellan, eleven

cases of eggs of the value of $24.80, executing therefor his check on the Hamilton National Bank, payable to Jim McClellan or order.

The evidence consisted of the introduction of the check and the testimony of McClellan to the effect that he received the check on February 8, 1932, and delivered it to his local bank for collection either upon the day he received it or the next day. A few days later, he received notice that the check was unpaid. McClellan was a merchant at Gatesville, Texas, and had sold appellant some merchandise for which the check was taken in payment. Upon receiving notification from the local bank that the check was returned unpaid, McClellan talked to the appellant over the telephone. Appellant told him to send the check back to the bank at Hamilton. This was done but the check was not paid.

Holmes, a banker at Gatesville, testified that the check was received at the bank on February 9, 1932, and went through the clearing-house at Dallas on February 13th. It was later returned unpaid. If the check, instead of going to Dallas, had been sent direct to the Hamilton National Bank, it would have reached the Hamilton National Bank on which it was drawn, on the 10th day of February.

Appellant testified that he had gone in the produce business with a capital of $200.00; that he executed and delivered a check to McClellan, thinking that there was sufficient money in the Hamilton National Bank at Hamilton, Texas, with which to pay the check. He had also been accorded the privilege of overdraft, of which privilege he had no notice of cancellation at the time the check was given. It appears that on the date the check was drawn (February 8, 1932), there was to his credit in the bank at Hamilton, Texas, the sum of $174.19. A statement of his account from February 6th to March 3, 1932, was as follows:

| | | |
|---|---|---|
| Feb. 6th Bal. | $2.73 | OD |
| Feb. 8th " | 174.19 | |
| Feb. 9th " | 126.85 | |
| Feb. 10th " | 69.02 | |
| Feb. 11th " | 11.42 | |
| Feb. 13th " | 30.64 | |
| Feb. 15th " | 5.39 | |
| Feb. 16th " | 170.75 | |
| Feb. 17th " | 2.19 | |
| Feb. 23rd " | 189.31 | |
| Feb. 25th " | 105.21 | |
| Feb. 26th " | 11.53 | |

| | | |
|---|---|---|
| Feb. 27th | " | 163.93 |
| Feb. 29th | " | 69.03 |
| Mar. 1st | " | 15.26 |
| Mar. 3rd | " | 56.70 |
| Mar. 4th | " | 26.70 |
| Mar. 5th | " | .70 |

Appellant was advised by McClellan over the telephone during the latter part of February that the check had been dishonored. McClellan was told to return the check, appellant thinking it had been paid. McClellan had two checks at the time, both of which were returned. One was paid, and the other was not. Appellant testified that the failure to pay the check was due to the depression of his business affairs and the diminution in the price of produce, which caused him to lose his capital and forced him to cease business. Appellant disclaimed any intent to defraud in the issuance of the check.

It is apparent from the appellant's account at the Hamilton National Bank that on the day the check in question was issued there was a balance to his credit of $174.19; that by deposits and withdrawals the amount to his credit fluctuated; that there was a balance to his credit every day between the 6th of February and the 5th of March which was more than enough to pay the check except four days, the amount varying from $26.00 on March 4th to $189.00 on February 23rd. If promptly presented the check would have reached the bank on the 10th of February. The evidence is not clear as to when it was presented, but it is made manifest by the testimony that the check was sent to Dallas and went through the clearing house on the 13th of February. If the evidence is understood, it discloses an absence of criminal intent upon the part of the appellant.

It appears from bill of exception No. 1 that on the 6th of February, the appellant issued a check for six cases of eggs of the value of $18.60 to H. E. Moore, and that there was filed an information against the appellant growing out of the failure of Moore to collect the check at the time it was presented at the bank. The result of the prosecution is not disclosed, nor the circumstances attending the transaction, but the pleading charging the appellant with the offense was admitted in evidence and permitted to go before the jury. The court instructed the jury that it was for the purpose of showing the intent. The matter should not have been received in evidence. Its reception in evidence was obnoxious to the rule which forbids the use of extraneous offenses as a means of conviction, except under certain conditions not present in this record. The issuance of the check on the 6th of February on the bank in which

440

the appellant kept his account and in which he continued to make deposits, as shown by the record, was not receivable to impeach the appellant's good faith in issuing the subsequent check for $24.80, which is the basis of this prosecution. Apparently the record shows that on the day that the check for $18.60 would, in due course of business, have reached the bank upon which it was drawn, the appellant had to his credit the sum of $174.19, and that he had sufficient money to pay the check during the following days for nearly a month. In receiving the testimony, there was error committed.

For the reasons stated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*