M. F. MAYES v. THE STATE.

No. 22277. Delivered November 25, 1942.
Rehearing Denied January 27, 1943.

.The opinion states the case.

*A. M. Felts,* of Austin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for swindling by giving a worthless check, punishment assessed was two years in the penitentiary.

Prosecution was under the Act of the 46th Leg. 1939, R. S., page 246, which is found in the Pocket Part of Vernon's Tex. P. C., Vol. 1, designated therein as Art. 567b.

The indictment alleged that appellant, in Houston County, with intent to defraud gave to Dick Murchison a check for $84.52 in payment for lumber, the check being drawn against the Moore State Bank at Llano, Texas. It was further alleged that appellant did not have in said bank sufficient funds to pay said check. There then follows the following averment in the indictment: "Said check was duly presented to said bank for payment and payment was refused by said bank for want of sufficient funds" to appellant's credit. In submitting the case to the jury the court, among other things, made a prerequisite of finding appellant guilty that the jury must believe from the evidence beyond a reasonable doubt that said check was presented for payment to the bank upon which it was drawn and payment refused for lack of funds to appellant's credit.

Mr. Murchison testified that he deposited the check for collection with the Grapeland State Bank and some ten days later the check was returned to him unpaid. No witness connected with the Grapeland bank was called to testify as to what, if anything, was done with said check after it was deposited for collection. The check itself, with the endorsements thereon went into evidence without objection. It shows to have been endorsed by the Murchison Lumber Company; and by the Grapeland State Bank. It bears no endorsement or stamp indicating that it ever went through a clearing house, or was ever presented for payment to the Moore State Bank at Llano. The State called as a witness Mr. Buie who was bookkeeper for the Moore State Bank, with which he had been connected for six years. He testified that appellant had no account at said

bank at the time said check was drawn and had none there for several months prior to the time the check was drawn. At the instance of the State he further testified that said check had never been paid at his bank, but: "I can not tell you whether that check was ever presented to my bank for payment. I did not personally handle the check. Under ordinary circumstances, I can tell whether that check was presented to my bank for payment, but on this particular check, I cannot, because I do not recognize the marking here." On cross examination he said: "I do not know whether the check was ever presented, from my own knowledge. In other words, it was not, to my knowledge. I do not know whether it was presented, or not, except from a conclusion, except what I might judge from the instrument. According to the markings on the check, I would not positively say that it was presented at the bank."

There were four employes at the Moore State Bank other than Mr. Buie, none of whom testified. Appellant himself testified that he knew he had no deposit in said bank when the check was given, but that he had arranged with a Mr. Cagle to pay checks drawn by appellant. The court instructed the jury that if appellant "reasonably thought" Cagle would pay the check in question appellant would be guilty of no offense. The jury found against him on this issue.

It will be seen from the recited evidence that there was no testimony before the jury that the check in question was ever presented for payment to the bank upon which it was drawn. So far as the evidence shows the check may never have left the Grapeland State Bank.

In Section 1 of Act of the 46th Leg. heretofore referred to, appears a provision (deleted to apply to the present case) as follows: "Provided further that the proof of the deposit of said check * * * with a bank for collection in the ordinary channels of trade and the return of said check * * * unpaid to the person making such deposit shall be prima facie evidence of presentation to, and non-payment of said check * * * by, the bank, * * * upon which it was drawn, * * * and * * * non-payment shall be prima facie evidence that said check * * * was presented to the bank * * * upon whom it was drawn and was not paid." The foregoing provision of the statute was not included in the court's instruction to the jury, hence the jury had no knowledge of the attempt of the Legislature to make such a rule of evidence applicable to criminal cases arising

under the statute. It is questionable under the present record whether the State relied on the provision quoted, as it apparently attempted and failure to make proof of presentation for payment by its witness Buie. It is appellant's contention that in the state of the evidence the trial court should not have permitted the conviction to stand unless he himself made application of the statute without aid from the jury, and thus supplemented evidence indispensable to a conviction, and likewise, that this court can not permit the conviction to stand without application of the statute quoted. It is appellant's further contention that such statute is invalid and offends against Art. 1, Sec. 10 of the State Constitution and against amended Art. 6 of the Constitution of the United States, each of which provides that a defendant shall be confronted by the witnesses against him.

It is well recognized that the Legislature may within certain limits establish or change the rules of evidence. Wharton's Ev. 10 Ed. Vol. 2, Sections 715, 715A. No general definition of such "certain limits" has so far as we know been, or could well be attempted. Under this legislative power proof of certain acts of one accused of crime may be made prima facie proof of some criminative fact against him. For illustrative cases see Floeck v. State, 34 Tex. Cr. R. 314, 30 S. W. 794; Newton v. State, 98 Tex. Cr. R. 582, 267 S. W. 272; O'Brien v. State, 90 Tex. Cr. R. 276, 234 S. W. 668; North Carolina v. Barrett, 138 N. C. 630, 1 L. R . A . (N. S.) 626, and many cases found in the notes as reported in L. R. A. While such a rule has been recognized by our own court as well as many others, certainly a law should not be upheld which would make an act prima facie evidence of a necessary criminative fact against one accused of crime when such party had no control over nor connection with the act in question. The same would be true where it was sought to make certain facts and circumstances over which accused had no control or with which he had no connection prima facie evidence against him. We are under the impression that the provision of the statute now under consideration undertakes to go even further than the limits suggested. The evidence in the present record shows that the check in question was deposited with the Grapeland State Bank for collection. At this point presumptions against appellant begin to operate under the statute. It is presumed that the collecting bank in some way forwarded it to the bank upon which it was drawn. If in the ordinary course of business it went through

a clearing house it is presumed to have been sent there. It is presumed to have been forwarded from the clearing house to the bank upon which it was drawn. Then it is presumed that bank refused payment, and further presumed that payment was refused for lack of funds to appellant's credit, thus piling one presumption upon another as to the supposed acts of third parties with none of whom appellant had any connection, nor over whom he had any control, and finally upon these presumptions said act declares prima facie establishment of a fact indispensable to conviction, to-wit: the presentation of said check for payment to the bank upon which it was drawn and refusal to pay for lack of funds.

In our opinion the Legislature undertook to go beyond legitimate limits in extending the rules of evidence in the particulars mentioned.

There are other interesting points in the Act of the Legislature under consideration, but neither discussion nor consideration of them is necessary in the disposition of the case as now presented.

The judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

By no means of judicial reasoning are we able to bring ourselves to the conclusion that a statute is valid which authorizes the conviction of one accused of crime, by proof of the acts and conduct of third parties who were in no manner connected with the accused in the commission of the alleged crime, and over whose acts and conduct the accused had no control. Ex parte Smith, 218 Pac. 708.

The prima facie evidence feature of the statute here under consideration authorizes a conviction under such circumstances.

We remain convinced of the correctness of our conclusion that such feature of the statute is invalid.

The State's motion for rehearing is overruled.

.The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.