## BRYANT COFFEE V. THE STATE.

No. 22976. Delivered December 13, 1944.
State's Motion for Rehearing Denied January 24, 1945.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Section 4 of Article 1546, Penal Code of 1925, created an offense commonly known as swindling by worthless check. Said statute was repealed in 1939, when the Legislature created the new and independent offense of the fraudulent acquisition of property by worthless check, appearing as Sec. 1 of Art. 567b, Vernon's Ann. Tex. P. C., Vol. 1. Said statutes read as follows:

"Art. 1546. Specific acts; certain wrongful acts included. "Within the meaning of the term 'swindling' are included the following wrongful acts:

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

"(Sec.) 4. The obtaining by any person of any money or other thing of value with intent to defraud by the giving or drawing of any check, draft or order upon any bank, person, firm or corporation with which or with whom such person giving or drawing said check, draft or order has not at the time of the giving or drawing said check, draft or order, or at the time when in the ordinary course of business such check, draft or order would be presented to the drawee for payment, sufficient funds to pay same, and no good reason to believe that such check, draft or order will be paid; provided, that if said check, draft or order is not paid on presentation the return of same shall be prima facie evidence of the fraudulent intent of said person drawing or giving said check; and provided further, that if such check, draft or order is not paid within fifteen days after the same is returned unpaid, it shall be prima facie evidence that no good reason existed for believing that said check, draft or order would be paid, and it shall also be prima facie evidence of intent to defraud and knowledge of insufficient funds with the drawee."

"Art. 567b. Obtaining money, goods, etc., with intent to defraud, by giving or drawing check, draft or order without sufficient funds:

"Section 1. It shall be unlawful for any person, with intent to defraud to obtain any money, goods, service, labor, or other thing of value by giving or drawing any check, draft, or order upon any bank, person, firm or corporation, if such person does not, at the time said check, draft, or order is so given or drawn, have sufficient funds with such bank, person, firm or corporation to pay such check, draft, or order, and all other checks, drafts, or orders upon said funds outstanding at the time such check, draft, or order was so given or drawn; provided that if such check, draft, or order is not paid upon presentation, the non-

payment of same shall be prima facie evidence that such person giving or drawing such check, draft, or order had insufficient funds with the drawee to pay same at the time the said check, draft or order was given or drawn and that the said person gave or drew such check, draft, or order with intent to defraud; and provided further that proof of the deposit of said check, draft, or order with a bank for collection in the ordinary channels of trade and the return of said check, draft, or order unpaid to the person making such deposit shall be prima facie evidence of presentation to, and nonpayment of said check, draft, or order by, the bank, person, firm or corporation upon whom it was drawn; and provided further that where such check, draft, or order has been protested, the notice of protest thereof shall be admissible as proof of presentation and nonpayment and shall be prima facie evidence that said check, draft, or order was presented to the bank, person, firm or corporation upon which it was drawn and was not paid."

The penalty feature of the two statutes, as applied to felonies, are the same—that is, from two to ten years in the penitentiary. A distinguishing feature between the two statutes is that under Sec. 4, Art. 567b, P. C. 1925, the value of the property acquired determines whether the offense is a misdemeanor or a felony (Art. 1550 P. C., and Art. 1421 P. C.), while under Art. 567b, Vernon's Penal Code, the amount of the check controls (Sec. 4, Art. 567b, P. C.)

The indictment in the instant case alleged the offense of swindling by worthless check, under repealed Sec. 4 of Art. 1546, P. C., of 1925, as having been committed on March 15, 1943. The case was tried and appellant's guilt was made to depend upon the establishment of the allegations in the indictment. Conviction resulted, with punishment assessed at two years in the penitentiary.

Appellant made no complaint relative to the indictment or trial procedure. Hence, in order to sustain this conviction, this Court is required to be satisfied only that the indictment charged an offense under, and the proof showed appellant guilty of violating, Sec. 1 of Art. 567b.

The indictment, when stripped of surplusage, contains allegations essentially necessary to charge an offense under said statute. The proof shows that appellant purchased an automobile and gave in payment thereof his check for the amount of $800.00 without having in the bank upon which the check was drawn

sufficient funds, at the time, with which to pay it. This made a prima facie case of guilt, and authorized appellant's conviction under Sec. 1 of Art. 567b, P. C.

Appellant did not testify, nor did he offer any affirmative defensive testimony.

The only issue arising under the facts was that of appellant's insanity at the time of the commission of the offense. This issue was sharply contested. Lay and expert witnesses attested and denied that appellant was insane. Witnesses for appellant testified that his insane condition was brought about and evidenced by delusions of wealth and of his possessing considerable money, a large bank account, and being capable of undertaking transactions involving considerable money and all the time asserting his financial ability to carry out such transactions. A witness testified to expressions of delusions of this character about the time of the commission of the alleged offense. This particular form of insane delusion or monomania, therefore, appears to have been raised by the evidence.

In submitting the case to the jury, the trial court gave a general charge on insanity, employing what is sometimes referred to as the "long form," a portion of which is set out in Morris v. State, 255 S. W. 744, 96 Tex. Cr. R. 63.

Appellant contends that he was entitled under the facts here presented, in addition to the general charge of insanity, to have the jury instructed in accordance with the insane delusion mentioned and to the effect that if appellant, at the time he gave the check, was suffering from an insane delusion and by reason thereof believed that he had the money in the bank with which to pay the check, he should be acquitted. Proper exception to the charge was reserved and special charge requested, presenting this question.

It is the settled law, not only of this State, but other jurisdictions also, that one who commits a crime while acting under an insane delusion is to be judged, so far as his criminal responsibility is concerned, precisely as if the facts which in his delusion he believes to be true were actually true; provided that the facts upon which the delusion was founded would, if actually existing, have justified or constituted a defense to the crime committed. See Alexander v. State, 8 S. W. (2d) 176; Morris v. State, 96 Tex. Cr. R. 63, 255 S. W. 744; 14 Amer. Jur., p. 791, sec. 34; 22 Corpus Juris Secundum, p. 125, sec. 60; and authorities collated in L. R. A. (1917F) p. 650.

Having concluded that the facts were sufficient to raise the issue that appellant, acting by and under an insane delusion, believed that he had the money in the bank with which to pay the check at the time it was drawn and delivered, the question before us then is whether such fact, if true, would have constituted a defense to an offense charged under Art. 567b, P. C.

It will be noted that under the provisions of the repealed statute (Sec. 4, Art. 1546, P. C., 1925), it was a defense to the crime of swindling by worthless check if the accused, at the time, had good reason to believe that the check would be paid upon presentation at the bank. Jones v. State, 123 Tex. Cr. R. 437, 59 S. W. (2d) 418. No such provision is contained in Art. 567b, P. C. The offense there denounced, however, is expressly made to depend upon "an intent to defraud," and is consummated by obtaining property with that intent by the giving of a check without, at the time the check is drawn, having sufficient funds in such bank to pay the check and all other checks upon said funds outstanding at the time the check was so drawn.

The statute (Art. 567b, P. C.) not expressly making it a defense to the crime there denounced, if the accused at the time of giving the check believed that he had funds in the bank with which to pay the check on presentation, the question before us then is whether such a defense is to be read into the statute by construction.

Where an intent is a constituent element of an offense and without which there is no offense, as under the statute here involved, it is elementary that facts showing the lack or non-existence of that intent, would be a defense to a prosecution thereunder. If appellant, at the time the check in the instant case was given, had funds or believed that he had funds in the bank with which to pay it and all outstanding checks against those funds, there would be a lack of intent to defraud.

From what has been said, it is apparent that in prosecutions arising under Art. 567b, Vernon's P. C., it is a valid defense if, at the time the check was drawn, the accused then believed that he had funds in the bank with which to pay the check. We have concluded, therefore, that under the record here presented, the appellant was entitled to have the jury instructed in accordance with his request, and that the trial court committed error in refusing so to do.

Appellant contends that certain portions of the charge on

insanity was upon the weight of the evidence as assuming the commission of the offense charged. Under the facts here presented, the charge was not subject to the objection urged. It is always a safer practice that the charge to the jury be so framed as not to suggest or assume that any fact is established by the evidence against the accused.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON STATE'S MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed a motion for a rehearing in which it contends that we erred in our original opinion in holding that the trial court committed error in failing to give to the jury, in addition to a general charge on the issue of insanity, an affirmative instruction relative to the type of insanity with which appellant was afflicted, as shown by the evidence. This question was fully discussed in the original opinion and no good reason is advanced why or wherein we erred. Hence the State's motion is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.