This is a case of swindling by worthless check; the punishment, two years in the penitentiary.
The prosecution arose under art. 567b, Section 1, of Vernon's Penal Code.
On August 21, 1945, appellant purchased ninety-three head of cattle at an auction sale at Alice, Texas, and gave in payment therefor his check for $4,778.92 drawn upon a bank at Cameron, Texas. The check was duly deposited in a bank at Alice, Texas, and four days thereafter — or on August 25, 1945 — reached the Cameron bank and payment was refused because the check was "Drawn against uncollected funds."
The action of the bank in dishonoring the check was because of the following facts: On the 25th day of August, 1945, appellant deposited, and received a deposit slip showing a deposit of $1,563.67, a check drawn against a Houston bank. Subsequently, on August 28, 1945, this check was paid by the Houston bank. With this deposit, appellant's balance was sufficient to cover the $4,778.92 check. At the time of the deposit of the $1,563.67, appellant was not notified by the bank that his check would not be honored against that deposit. After the deposit slip for the $1,563.67 had been issued, the bank, without appellant's knowledge, made a notation upon its ledger or the deposit slip kept by it, or both, to "Hold 3 days," which meant, according to the bank, that checks would not be honored against that deposit for three days or until full collection. It was because of this notation that payment of the check was refused.
It thus appears, from the State's undisputed evidence, that the check was dishonored because of the acts of the bank rather than those of the appellant. If the bank was not going to honor checks against the deposit, it should have in some way so advised appellant. This it did not do, but, to justify its action in dishonoring the check, relied upon the fact that, some time previously, appellant was notified that a check he was then depositing would not be subject to check until collected. Proof of such fact does not necessarily militate against but rather inures to appellant's benefit, for he had the right to assume that if the deposit was not subject to check the bank would have so advised him, as it had done on the previous occasion.
In Mayes v. State, 145 Tex.Cr.R. 295, 167 S.W.2d 745, we had occasion to construe certain features of the Act upon which this prosecution is based, and there held that the Act, in so far as it authorized guilt to be predicated upon acts of third parties not connected with the alleged crime and over which the accused had no control, was invalid.
Such holding is deemed applicable and controlling here, for it was the action of the bank in dishonoring the check, when from appellant's viewpoint he had the right to believe he had on deposit with the bank sufficient funds with which to pay the check, that resulted in his conviction and upon which this conviction rests.
It follows, from what has been said, that the facts are insufficient to support the conviction
Other matters appearing in the record will hardly arise upon another trial and are therefore not discussed.
The judgment is reversed and the cause remanded.