ROY B. WATSON V. STATE.

No. 24743. April 12, 1950.
Rehearing Denied May 17, 1950.

*Charles D. Butts* and *Vernon McDaniel*, Wichita Falls, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The indictment alleges that appellant acquired possession of a 1947 Chevrolet of the value of $1100.00, with the intent to appropriate the same for his own use and benefit and with intent to defraud, by giving a check in the amount of $1100.00 upon the first National Bank in Paris, Texas. It is further alleged that at the time said check was so given, and at the time when in the ordinary course of business said check would be presented to said bank for payment, that he, Roy B. Watson, did not have a sufficient amount of funds on deposit in said bank to pay said check. A jury found him guilty and assessed a penalty of two years in the penitentiary.

The evidence shows that appellant purchased from a second-hand car dealer in Wichita Falls two cars, one the Chevrolet described, on Saturday afternoon and gave his check in the sum of $1100.00 in payment therefor. He took possession of the Chevrolet and drove it to Paris, where it was recovered a few days later. The owner of the car phoned to the bank in Paris on Monday and, finding that appellant had no account in the bank, made a trip to Paris to recover his Chevrolet car. He discovered, also that other representations made by appellant as to the business in which he was engaged were untrue, that he in fact had no business there. The evidence in the case satisfactorily shows that appellant was unknown to the bank and that he had no account whatsoever in the bank upon which a check may be drawn.

At the conclusion of the evidence the defendant filed a motion for an instructed verdict. The state was thereupon permitted to recall some of the witnesses and extend its testimony. Appellant did not testify in the trial and introduced no evidence in his behalf.

We find three bills of exception in the record, the first one of which complains of the failure of the court to sustain the motion for instructed verdict. This is based upon the contention that the check was never shown to have been presented for payment, and the failure to prove that the check would not have been paid in the ordinary course of business. We think that the proof showing that the accused was unknown to the bank and that he had no account is sufficient to comply with the law.

Bill of Exceptions No. 2 was refused by the court who, in lieu thereof, presented his own bill. This shows no ground for complaint.

Bill of Exceptions No. 3 complains of the refusal of the court to grant his second motion for instructed verdict and is controlled by the same reasoning as that given for overruling his Bill of Exceptions No. 1.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that, inasmuch as the owner of the automobile did not present the check for payment to the bank upon which it was drawn, the state's case fails and the facts are insufficient to sustain the conviction, under the authority of Mayes v. State, 145 Tex. Cr. R. 295, 167 S. W. 2d 745.

Proof of presentment for payment of a check is required only when the presumption provided in Art. 567b, Vernon's P. C., are relied upon by the state.

Here, the owner of the automobile proved directly that the appellant had no account with the bank upon which the check was drawn. The state, therefore, did not rely upon the presumptions arising by reason of nonpayment of the check after presentation for payment.

We remain convinced that the facts warrant the conviction.

The motion for rehearing is overruled.