**Benjamin F. ROYAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37874.**

Court of Criminal Appeals of Texas.

May 26, 1965.

Rehearing Denied June 26, 1965.

DICE, Commissioner.

The conviction is under Art. 567b, Vernon's Ann.P.C., for the giving of a worthless check in an amount of less than $50, with punishment assessed at one hundred fifty days in jail and a fine of $125.

Appellant was charged in the County Court of Brazoria County, in Causes Nos. 9582 and 9584, with the giving of two worthless checks, each in an amount of less than $50.

The complaint and information in Cause No. 9582 charged appellant with giving a worthless check in the sum of $20.35 to "Jack Reid Appliances" and the complaint and information in Cause No. 9584 charged

See, also, 391 S.W.2d 411.

him with giving a worthless check in the sum of $25 to "Weiner's Department Store."

Both cases were jointly tried before the same jury, with separate verdicts being returned, finding appellant guilty in each case as charged.

This is an appeal from the conviction in Cause No. 9582.

At the trial, the state's witness Wayne Erskine, manager of the Jack Reid appliance store in the city of Freeport, testified that on August 12, 1964, the appellant came into the store and purchased a radio, giving as payment therefor state's exhibit #1, which was a check dated August 12, 1964, drawn on the First Freeport National Bank, payable to the order of Jack Reid Appliances in the sum of $20.35 and signed "Benjamin F. Royal." He further testified that the check was never paid and that he later received the radio back from the police.

 It was shown by the testimony of Mary Gaidosik, supervisor of bookkeeping at the Freeport National Bank, that on the dates of August 12 and 13 of the year 1964, there was no account in the bank in the name of Benjamin F. Royal and had the check been presented in due course to the bank for payment it would not have been paid. Her testimony rendered unnecessary any proof of presentment to the bank for payment. 54 Tex.Jur.2d 92, Sec. 77; Watson v. State, 154 Tex.Cr.R. 616, 229 S.W.2d 621.

Appellant did not testify or offer any evidence in his behalf.

The evidence is sufficient to support the conviction.

Appellant's sole contention on appeal is that he was denied a fair and impartial trial by being compelled to go to trial upon the two separate informations charging him with giving the worthless checks, with both cases being heard and considered by the jury at the same time.

While the record reflects that appellant was tried upon the two separate informations in Causes Nos. 9582 and 9584 at the same time, with separate verdicts of guilty being returned by the jury in each case, there is no showing that he made any objection to such procedure. To the contrary, the record shows that when called upon to plead to the two informations, appellant announced ready for trial in each case.

Ex parte Quintanilla, 151 Tex.Cr.R. 328, 207 S.W.2d 377, cited by appellant, is not here applicable because in that case the relator was tried, over his objection, in four separate cases before the same jury and at the same time. Here, no objection was made by appellant to his trial upon the two separate informations before the same jury at the same time. It is apparent that appellant waived his right to a separate trial in each case. This he could do. Art. 11, Vernon's Ann.C.C.P.

The judgment is affirmed.

Opinion approved by the court.