**Benjamin F. ROYAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37875.**

Court of Criminal Appeals of Texas.

May 26, 1965.

Rehearing Denied June 26, 1965.

**412**

J. L. Wilcox, Freeport, for appellant.

Tom Kenyon, Dist. Atty., J. Albert Pruett, Jr., Asst. Dist. Atty., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is under Art. 567b, Vernon's Ann.P.C., for the giving of a worthless check in an amount less than $50, with punishment assessed at one hundred fifty days in jail and a fine of $125.

The appeal is from a conviction in Cause No. 9584 on the docket of the county court and is a companion case to Royal v. State, No. 37,874, Tex.Cr.App., 391 S.W.2d 410, affirming appellant's conviction in said court in Cause No. 9582 for a like offense.

As was pointed out in our opinion affirming the conviction in Royal v. State, supra, both cases were jointly tried before the same jury without an objection from appellant, and he thereby waived any complaint to such proceeding.

The complaint and information in the instant case charged that appellant gave a worthless check in the sum of $25 to "Weiner's Department Store."

Ronald Farish, called as a witness by the state, testified that he was assistant manager of Weiner's Department Store in the city of Freeport; that on the 13th day of August, 1964, the appellant came into the store and gave a check (state's exhibit #2) for either a lay-away or some other merchandise. The check was never paid. State's exhibit #2, introduced in evidence by the state, was a check dated August 13, 1964, at Freeport, Texas, drawn on the Freeport National Bank in the sum of $25, payable to the order of "Weiner's Dept. Store" and signed "Benjamin F. Royal."

It was shown by the testimony of the witness Mary Gaidosik, supervisor of bookkeeping at the Freeport National Bank, that on such date appellant had no account in the bank under the name of "Benjamin F. Royal" or any similar name and had the check been presented in due course to the bank for payment it would not have been paid. Her testimony rendered unnecessary any proof of presentment of the check to the bank for payment. 54 Tex.Jur.2d 92, Sec. 77; Watson v. State, 154 Tex.Cr.R. 616, 229 S.W.2d 621.

Appellant did not testify or offer any evidence in his behalf.

The evidence being sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.