L. C. CRUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 41180.

Court of Criminal Appeals of Texas.

April 3, 1968.

Rehearing Denied May 29, 1968.

Doss Hardin, Forth Worth, for appellant.

Frank Coffey, Dist. Atty., John A. Brady, and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is passing a worthless check in violation of Article 567b, V.A.P.C. (as amended 1963), a felony; the punishment, two years.

Appellant represented himself to the injured party, an amateur coin collector, as the heir to an eleven million dollar estate and purchased from said collector a set of "piece dollars", giving him a check in the sum of $325.00. The check was presented to the bank on which it was drawn and was not honored. It had not been paid at the time of the trial more than a year later, and the "dollars" had not been returned, though the injured party had asked appellant repeatedly for payment or return of the "dollars".

We gather from appellant's brief and from his argument that he is contending that other checks given to another firm and an individual employed by said firm, which were drawn on the same account in the same bank within a few days prior to the check set forth in the indictment and also not paid by the bank, were inadmissible. Such contention has been decided adversely to appellant's claim in Young v. State, 170 Tex.Cr.R. 500, 341 S.W.2d 933, and Hampton v. State, Tex.Cr.App., 402 S.W.2d 748.

Appellant further asserts that the evidence is insufficient to support this conviction because a certain check in the sum of $2,650.00 deposited by him in the account in question was returned to his bank and charged against his account some four days prior to the giving of the check in question. The banker testified that upon the return

of the check he wrote appellant to come in and see him, but was unable to say whether or not he advised appellant that the $2,650.00 check was not good before or after appellant gave the check which is the basis for this prosecution. Regardless of when he was informed of this charge back on his account, the fact remains that appellant's account would not have had sufficient funds in it to cover the check in question when written as well as all other prior outstanding checks, even if the $2,650.00 had not been charged back to his account.

Arnwine v. State, 167 Tex.Cr.R. 386, 320 S.W.2d 353, relied upon by appellant is not applicable to the case at bar because in that case there was no evidence that checks which depleted accused's account were drawn before the check alleged in the indictment, while here, as shown above, there is such evidence.

In Jones v. State, 123 Tex.Cr.R. 437, 59 S.W.2d 418, there was evidence to show that at the time the check in question was drawn there were sufficient funds in the bank to pay the same and that it was not paid because it was not presented in due course. Such is not the case before us here.

Kuykendall v. State, 143 Tex.Cr.R. 607, 160 S.W.2d 525, also cited by appellant, is not applicable, because like Jones, supra, there were sufficient funds in the bank at the time the check in question should have reached the bank on which it was drawn, but it was not presented in due course for payment. Such is also true as to Moody v. State, Tex.Cr.App., 213 S.W.2d 539, cited in appellant's brief.

Mayes v. State, 145 Tex.Cr.R. 295, 167 S.W.2d 745, is not controlling here because in that case there was no showing of presentment and dishonor of the check alleged in the indictment. This case was decided prior to the 1963 Amendment of Article 567b, supra.

Appellant contends that State's exhibit # 2, a check written by appellant on the same account and prior to the check in question, which was never paid, was not admissible since there was no showing that the check had been presented to the drawee bank and dishonored. Recently in Chapa v. State, Tex.Cr.App., 420 S.W.2d 943, we held that since the State did not rely on the statutory presumption, Article 567b, Sec. 2, V.A.P.C., but, as here established its case by direct evidence it is not essential that presentment and dishonor be shown.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.