E. R. JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 44867.

Court of Criminal Appeals of Texas.

April 19, 1972.

Rehearing Denied June 21, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for assault with a prohibited weapon where the punishment was assessed at 5 years.

The sufficiency of the evidence is not challenged. Suffice it to say that the evidence shows that on October 15, 1969 at approximately 2 a. m., Dallas Police Officer Heath observed a car driving on a public street without lights. The car stopped in a parking lot and two figures jumped from the car. As he approached, one of the figures [whom he testified was the appellant] grabbed him around the neck and began to strangle him and stuck a .22 pistol in his stomach. As another officer approached, he testified he was finally able to free himself and disarm the appellant.

Testifying in his own behalf, the appellant, an escaped convict, made a judicial confession.

In his sole ground of error, he contends the court erred in admitting evidence of an extraneous offense. The contention is rather novel.

At the commencement of the jury trial, appellant and his counsel expressly agreed that the instant indictment and one charging the felony theft of an automobile could be tried together in one trial before the same jury. While this procedure is not normally utilized, it is not unauthorized where the appellant either does not object or expressly agrees to use such procedure. See Royal v. State, 391 S.W.2d 411 (Tex.Cr.App.1965).

During the trial, the State offered the testimony of the complaining witness in the theft case. While it is not altogether clear, the automobile in question apparently was the one in which appellant was a passenger shortly before his assault upon Officer Heath.

Before other evidence as to the theft was presented, the court granted appellant's motion for a mistrial as to the theft case.[1] The only case submitted to the jury was the assault with a prohibited weapon. No request for limiting instructions was made.

On appeal, appellant contends the introduction, without objection, of evidence as to the theft case was the improper introduction of an extraneous offense. Under the circumstances, we clearly cannot agree.

The judgment is affirmed.

---

1. While it is not clear from the record, it appears the mistrial was granted due to the unavailability of a defense witness for whom the court had issued a bench warrant, and the court's promise that if the witness could not be secured, he would entertain a motion for mistrial.