**William Edgar WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45382, 45383 and 45409.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

Rehearing Denied Jan. 24, 1973.

Melvyn Carson Bruder, Kerry P. Fitz-Gerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellant was tried simultaneously on three separate indictments alleging the sale of heroin. The sentences in the three cases were set at 50 years, life and life.

Three grounds of error are alleged in the single brief filed with this Court.

■ Appellant first contends that the trial court improperly limited his cross-examination of a State's witness.

The State based its case chiefly on the testimony of Fred Young, an undercover narcotics agent with the Dallas Police Department. Young testified that on August 26, 1970, August 28, 1970, and October 2, 1970, he purchased capsules of heroin from appellant.

The portion of the cross-examination of Young to which appellant objects is as follows:

"Q Where did you keep that package? [containing the heroin]

"A In my locker.

"Q Where?

"A In my lock box.

"Q Where abouts?

"A Where I was staying.

"Q Where were you staying?

"MR. MAYS: Objection Your Honor.

"THE COURT: I sustain that.

"Q Did you have an apartment?

"A Not an apartment.

"MR. MAYS: We object Your Honor.

"THE COURT: Well he can answer that.

"Q Did you live alone?

"A No sir.

"Q How many people did you live with?

"A Three.

"Q Where do you keep your lock box?

"A In my closet.

"Q Locked up?

"A The box yes, the closet no."

Appellant now contends that reversible error was committed since the judge would not let Young answer the question concerning where he was staying at that time. Appellant mistakenly relies upon a series of cases including Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931) and Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). The present case is easily distinguishable. In *Alford* and *Smith,* a trial court ruling that defense counsel could not inquire on cross-examination as to the present place of residence of a witness was held to be error on the grounds that the question put forth was "an appropriate preliminary to the cross-examination of the witness" and served as "an essential step in identifying the witness with his environment, to which cross-examination may always be directed." In the instant case, the question propounded was, "Where were you staying?" At that time, Young was staying with three other persons. The security risk involved is obvious. Further, defense counsel has failed to show why this question was asked, or what he hoped to develop by such an inquiry. Since no particularized need was developed for the disclosure of Young's past address, and no exception taken to the court's ruling thereon, appellant's first ground of error is overruled. See Baldwin v. State, 478 S.W.2d 476 (Tex.Cr.App.1972).

■ Appellant next alleges that fundamental error was committed when the trial court failed to admonish him, prior to trial, that he was entitled to be separately tried for each of the three charges of sale of heroin.

The record reflects no objection by appellant to the single trial. Rather, when the trial court inquired as to how the appellant wished to plead "in all three cases," appellant responded "Not Guilty."

Appellant would have this Court distinguish the present case from our decisions

**818**

in Royal v. State, 391 S.W.2d 410 (Tex. Cr.App.1965) and Royal v. State, 391 S. W.2d 411 (Tex.Cr.App.1965); since in those cases, the record reflected that appellant announced "ready" to proceed to trial. While the present record does not reflect any such announcement, we find no magic in this fact alone. Clearly, the *Royal* decisions did not turn on this point. It is apparent that since no objection was made, appellant waived his right to a separate trial in each case.[1] See Jones v. State, 480 S.W.2d 623 (Tex.Cr.App.1972).

In his final ground of error, appellant challenges the insanity test as presently applied in Texas. See Wilkinson v. State, 423 S.W.2d 311 (Tex.Cr.App.1968); Fuller v. State, 423 S.W.2d 924 (Tex.Cr.App.1968); Nilsson v. State, 477 S.W.2d 592, 599 (Tex. Cr.App.1972). Appellant submits that the current Texas law is "not abreast of contemporary standards in both judicial and psychological circles insofar as it retains the McNaghten test for determining insanity, thereby excluding issues of 'substantial lack of capacity' in resolving issues of insanity." Appellant would have this Court adopt and apply such a standard, in light of the fact that he is, apparently, a drug addict.

We decline to review the merit of Texas' insanity standard. The issue is not properly before this Court. The record shows that the issue of insanity at the time of the offense was not submitted to the jury, nor was any evidence presented thereon. Instead, appellant merely tried to perfect possible error by use of a formal bill of exception, heard four days after the trial. Thus, no "standard" of insanity was

ever applied by the trial court. Appellant is not in a position to allege error on this point.

The judgments are affirmed.

MORRISON, J., concurs in the results.

---

1. Art. 1.14, Vernon's Ann.C.C.P. states: "The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case in which the State has made known in open court in writing at least 15 days prior to trial that it will seek the death penalty. No case in which the State seeks the death penalty shall be tried until 15 days after such notice is given. When the State makes known to the court in writing in open court that it will not seek the death penalty in a capital case, the defendant may enter a plea of guilty, nolo contendere, or not guilty before the court and waive trial by jury as provided in Article 1.13, and in such case under no circumstances may the death penalty be imposed."