Charles Ray JOHNSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 48416.

Court of Criminal Appeals of Texas.

May 15, 1974.

David Ball, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Victor A. Driscoll, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for the offense of murder with malice, with punishment being assessed at ten (10) years in the penitentiary.

Appellant's sole contention on appeal is that the trial court erred in not consolidating for trial, before one jury, the present indictment for the offense of murder and another charge of carrying a pistol on premises covered by a permit and license issued under the provisions of the Texas Liquor Control Act as prohibited by Art. 483, Vernon's Ann.P.C.

Appellant argues that since the charge for possessing a pistol in a "place where they serve alcohol" and the instant murder charge arose out of the same transaction, facts and circumstances, appellant should have a right to consolidate these charges for consideration by one single jury panel. Appellant points to Section 3.02 of the New Texas Penal Code, V.T.C.A., which gives the accused the right to consolidate all charges which arose out of the same "criminal episode." [1]

---

1. Section 3.02 of the New Penal Code reads as follows:

(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.

Initially, we note that Section 3.02 of the New Penal Code did not become effective until January 1, 1974, and therefore this new code provision would have no application to appellant's trial which began on May 1, 1972. At the time that this trial commenced, neither the Code of Criminal Procedure nor the Penal Code contained provisions giving the accused a *mandatory right* to consolidate pending indictments for trial before one jury panel. As a matter of fact, the law in effect at the time of this trial gave defendants the specific right *not to be tried* on more than one charge at a time. See Art. 21.24, Vernon's Ann.C.C. P.

This court has previously held that pending indictments may be consolidated in a single trial absent an objection by, and with the implied consent of, the defendant. See Watson v. State, 488 S.W.2d 816 (Tex.Cr.App.1972); Jones v. State, 480 S. W.2d 623 (Tex.Cr.App.1972); Royal v. State, 391 S.W.2d 410 (Tex.Cr.App.1965). As a matter of fact, there are some occasions where consolidated trials, with the consent of the accused, would appear to implement full utilization of the criminal justice system without prejudice to the defendant. See and compare Fairley v. State, 493 S.W.2d 179 (Tex.Cr.App.1973); Gipson v. State, 503 S.W.2d 796 (Tex.Cr. App.1974); Jones v. State, 502 S.W.2d 164 (Tex.Cr.App.1973); Williams v. State, 506 S.W.2d 868 (decided 3/13/74).

■ We hold that the matter of consolidation of indictments, with the defendant's approval, was a matter to be left to the discretion of the trial court. In the case at bar, no evidence was presented on this motion, and there is no showing in this record that appellant had ever been *indicted* for the offense of "carrying a pistol on a licensed premises" as prohibited by Art. 483, V.A.P.C.

(c) If a judgment of guilt is reversed, set aside, or vacated, and a new trial ordered, the state may not prosecute in a single criminal action in the new trial any offense not joined in the former prosecution unless evidence to

■ There being no showing that appellant had been indicted for the felony offense on which he requested consolidation, or that this trial court had jurisdiction of that indictment, if any, there can be no abuse of discretion shown.

There being no reversible error, the judgment is affirmed.

establish probable guilt for that offense was not known to the appropriate prosecuting official at the time the first prosecution commenced.