Cleophas CONAWAY, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 01–82–00340–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 17, 1983.

Rehearing Denied Dec. 22, 1983.

W.R. Malone, Huntsville, for appellant.

Jerry Sandel, Huntsville, for appellee.

Before EVANS, JACK SMITH and BASS, JJ.

## OPINION

BASS, Justice.

This is an appeal from a conviction of murder. After the jury found the appellant guilty, the court assessed punishment at 2 to 7 years confinement.

The judgment is affirmed.

The appellant, Cleophas Conaway, shot the deceased, Alaska Hayes, seven times while the deceased was in his pickup truck parked on a highway in Walker County.

The only witness to the alleged murder testified that he had spoken to the deceased shortly before the shooting. As the witness continued walking across the street toward a nearby store he saw the appellant, Cleophas Conaway, drive by in a pickup truck. He then heard a shot, turned around, and watched as the appellant fired several more shots into the deceased. Immediately after the shooting, the appellant drove off in the direction of Huntsville.

When the appellant was later stopped by a Huntsville police officer, he got out of his pickup truck, walked toward the police car, and said, "I'm the one that did it."

There was testimony from the appellant, the appellant's wife, and a psychologist that the appellant believed that, for the past ten years, the deceased had placed him under a voodoo curse, and that the curse had escalated to the point that it was now threatening his life.

The State has failed to file a brief or appear for oral argument in this cause.

Appellant asserts four grounds of error.

In ground of error one, appellant alleges that the trial court committed reversible error in refusing appellant's specially requested charge on insane delusion where the same was raised by the evidence and would constitute a defense.

In ground of error two, appellant contends that the trial court committed reversible error in refusing appellant's specially requested charge which applied the law of insane delusion to the facts of the case.

In ground of error three, appellant contends the trial court committed reversible error in failing to apply the law to the facts of appellant's affirmative defense of insane delusion.

In ground of error four, appellant contends the trial court erred in refusing to give appellant's requested charge, inasmuch as the court's charge did not adequately apply the law to the facts presented at trial.

Appellant argues all grounds of error jointly.

The appellant requested the following charge:

Now, if you believe from the evidence beyond a reasonable doubt that the defendant, Cleophas Conaway, did kill Alaska Hayes, by shooting him with a gun, as alleged in the indictment, but you further believe, by a preponderance of the evidence, that at the time he committed the said act, if he did, the defendant was then insane, as that term is herein defined for you, and as a result of his being insane he was suffering from an insane delusion as to the facts then existing, which caused

Cleophas Conaway to believe that Alaska Hayes was causing him serious bodily harm by means of a continuing voodoo spell which was then threatening him with death or serious bodily injury, then you will find the defendant not guilty by reason of insanity and so state in your verdict.

The court refused appellant's requested charge and in its place submitted the following charge:

Now, if you believe from the evidence beyond a reasonable doubt that the defendant, Cleophas Conway, did kill Alaska Hayes, by shooting him with a gun, as alleged in the indictment, but you further believe, by a preponderance of the evidence, that at the time he committed the act, if he did, the defendant was then insane, as that term is herein defined for you, and as a result of his being insane he was suffering from an insane delusion as to the facts then existing, then you will find the defendant not guilty by reason of insanity and so state in your verdict.

Insanity is something of a generic term, comprehending all kinds and conditions of mental unsoundness and derangement, and may assume as many various forms as there are shades of difference in the human personality. *Ex parte McKenzie,* 116 Tex.Cr. 144, 28 S.W.2d 133 (1930); *Lowery v. Lowery,* 386 S.W.2d 194 (Tex.Civ.App.—Tyler 1965). Among the forms the courts have had occasion to notice is "insane delusion". *Alexander v. State,* 8 S.W.2d 176 (Tex.Cr. App.1928).

The question herein presented is whether the court's charge adequately applied the law to the facts of the particular "insane delusion" allegedly affecting the appellant.

In *Merritt v. State,* 40 Tex.Cr. 359, 50 S.W. 384 (1899), the Court said, it is proper for the court to charge on insanity generally, and then on delusion, and then apply the law to the facts on the particular delusion which the testimony tended to show affected appellant. See also *Holland v. State,* 80 Tex.Crim. 637, 192 S.W. 1070 (1917). In *Alexander, supra,* the Court stated that "(o)ne who commits a crime while acting under an insane delusion is to be judged, so far as his criminal responsibility is concerned, precisely as if the facts, which in his delusion he believes to be true, were actually true." In *Coffee v. State,* 148 Tex.Cr. 71, 184 S.W.2d 278 (1945), the Court added to the above statement, saying that such should be the standard of judgment "if such facts would have justified the act charged or constituted a defense."

■ Once the court concluded that the facts as presented at trial were sufficient to raise the issue that appellant was suffering under an insane delusion, it was required to submit a general charge on insanity to the jury. *Holland, supra.* In addition, under *Coffee, supra,* if the facts as perceived by the defendant were true and would constitute a defense to the crime charged, the court was required to submit an additional instruction to the jury on insane delusion.

In the case at bar, the purpose of a special instruction would have been to inquire of the jury whether the appellant's insane beliefs, i.e., that his life was threatened by a voodoo curse, caused him to believe that his action in killing Alaska Hayes, was necessary to protect his own life and was therefore justified under the theory of self defense.

■ There was considerable testimony at trial that appellant believed he had been placed under a voodoo curse by the deceased and that such curse put him in imminent danger of death or serious bodily harm. Additionally, there was testimony on both the good reputation of the appellant and the bad reputation of the deceased. Finally, a psychologist stated that, in his expert opinion, the appellant, under the circumstances existing in September, 1973, and due to his insane delusion, would in all reasonable probability kill the deceased as a matter of "self-defense." These facts, if they had been true, would have constituted a defense to the crime charged.

■ In this case, neither the charge given by the court, nor the one requested by the appellant, instructed the jury in accordance with the holding in *Coffee, supra.*

However, the appellant's special requested charge was insufficient to alert the trial court to this deficiency, and the appellant made no objection to the court's charge.

Although more descriptive in its terms, the appellant's requested charge did nothing more than clarify what the court meant by the phrase "facts then existing." The court's charge sufficiently directed the jury's attention to the singular facts relating to the defensive theory of insane delusion, and which are set forth in more detail in the instruction requested by the appellant. Thus, in deciding such issue, the jury could not have been misled as to the nature of the "facts then existing," as used in the court's charge.

█ Where the trial court refuses to submit a defendant's specifically requested instruction on a defensive issue, such refusal does not constitute reversible error if the court's charge contains the essential substance of such issue and adequately protects the defendant's rights, Article 36.19, supra. *Aranda v. State,* 506 S.W.2d 221, 226 (Tex. Cr.App.1974); *Harrison v. State,* 630 S.W.2d 350, 353 (Tex.App.—San Antonio, 1982, no. writ). The court's charge in the instant case did submit, in general terms, the same defensive issue that is contained in the appellant's requested instruction, and the refusal of the trial court to specifically define the term "the facts then existing" did not, under the stated circumstances, constitute reversible error.

The appellant's points of error are overruled.

The judgment of the trial court is affirmed.