**Andrew MILLIGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 3–86–013–CR, 3–86–014–CR.**

Court of Appeals of Texas, Austin.

June 17, 1987.

Art Keinarth, Reynolds & Keinarth, Smithville, for appellant.

Charles Penick, Criminal Dist. Atty., John M. Hawkins, Asst. Dist. Atty., Bastrop, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

PER CURIAM.

In two verdicts based on two indictments jointly tried, a jury found appellant guilty of two offenses: unauthorized use of a motor vehicle (cause no. 6700) and burglary of a habitation (cause no. 6701). Tex.Pen. Code Ann. §§ 30.02 and 31.07 (1974). Punishment, singly enhanced for both offenses, was assessed by the jury at imprisonment for 20 years and 50 years, respectively. Tex.Pen.Code Ann. § 12.42(a), (c) (1974 and Supp.1987). We will affirm the judgments of conviction.

The State's evidence shows that around 3:00 a.m., September 28, 1985, appellant, without permission, entered an Elgin residence via its kitchen window while the occupants were asleep. Appellant soon exited the residence through the front door, taking some car keys and other articles with him. Once outside, appellant, with the aid of the car keys, drove away in a car belonging to the occupants of the residence.

In three points of error, appellant contends the parole law/good conduct time instruction mandated by Tex.Code Cr.P. Ann. art. 37.07, § 4(b) and (c) (Supp.1987) and given by the trial court violate our state constitution's due course of law and separation of powers provisions. *See* Tex. Const.Ann. art. I, § 19 and art. II, § 1 (1984).

The same arguments were made to and rejected by this Court, with respect to the art. 37.07, § 4(a) charge, in *Richardson v. State*, 733 S.W.2d 947, decided this day. For the reasons stated in *Richardson,* we find appellant's first three points to be without merit.

Even assuming *arguendo* that it was error to give the instructions, appellant did not object at trial and therefore must demonstrate that the error caused him actual egregious harm. *Almanza v. State*, 686 S.W.2d 157, 160 (Tex.Cr.App. 1985) (opinion on rehearing). This he has not done. The jury was instructed, in accordance with art. 37.07, § 4, not to consider the manner in which the parole law and good conduct time might be applied in appellant's case, and there is nothing in the record suggesting the jury did not understand or comply with this instruction. Points one, two, and three are therefore overruled. *Colter v. State*, 724 S.W.2d 925 (Tex.App.1987, pet. pending).

In two additional points, appellant argues the trial court fundamentally erred in accepting two guilty verdicts based on two indictments for "offenses arising out of the same transaction." The record reflects that appellant did not object, either before or during trial, to the consolidation of the two indictments.

The Legislature has provided for consolidation of charging instruments only for offenses arising out of the same "criminal episode," i.e., the repeated commission of any *one* property offense defined in Title 7 of the Penal Code. Tex.Pen.Code Ann. §§ 3.01–3.04 (1974); Tex.Code Cr.P.Ann. art. 37.07, § 1(c) (1981); *Ex parte Siller*, 686 S.W.2d 617 (Tex.Cr.App.1985). There is no authorization in law for any other type of consolidation. *Simmons v. State*, 629 S.W.2d 38 (Tex.Cr.App.1981); *Guia v. State*, 723 S.W.2d 763 (Tex.App.1986, pet. pending); *Rice v. State*, 646 S.W.2d 633 (Tex.App.1983, pet. ref'd). Nevertheless, the Court of Criminal Appeals has repeatedly held that with the defendant's explicit consent or implied consent (through lack of objection), any pending indictments may be consolidated in one trial and multiple convictions had thereon. *Garza v. State*, 687 S.W.2d 325 (Tex.Cr.App.1985); *Ex parte Wornell*, 633 S.W.2d 904 (Tex.Cr. App.1982); *Parrish v. State*, 614 S.W.2d 161 (Tex.Cr.App.1981); *White v. State*, 495 S.W.2d 903 (Tex.Cr.App.1973); *Fairley v. State*, 493 S.W.2d 179 (Tex.Cr.App.1973); *Watson v. State*, 488 S.W.2d 816 (Tex.Cr. App.1973); *Jones v. State*, 480 S.W.2d 633 (Tex.Cr.App.1972); *Royal v. State*, 391 S.W.2d 411 (Tex.Cr.App.1965); *see Johnson v. State*, 509 S.W.2d 322 (Tex.Cr.App.1974); *Gipson v. State*, 503 S.W.2d 796 (Tex.Cr. App.1974); *Williams v. State*, 718 S.W.2d 772 (Tex.App.1986, pet. pending).

Recent cases have cast doubt on this rule, however. In *Drake v. State*, 686 S.W.2d 935 (Tex.Cr.App.1985), and Ex parte *Siller, supra,* the Court of Criminal Appeals held that, except for offenses arising out of the same "criminal episode," the State is prohibited by Tex.Code Cr.P.Ann. art. 21.24 (Supp.1987) from joining more than one offense in a single indictment; that it is fundamental error to convict a defendant of multiple offenses erroneously alleged in a single indictment if the offenses arose from a single "criminal transaction;" but that it is not fundamental error to convict a defendant of more than one offense erroneously alleged in a single indictment if the offenses arose from dif-

ferent "criminal transactions." The reasoning and principles underlying *Drake* and *Siller*, as we understand them, seem to be as applicable to multiple convictions obtained from multiple charging instruments as they are to multiple convictions obtained from a single charging instrument. The end result is the same in both cases: multiple convictions in a single trial.

In the still more recent case of *Callins v. State*, No. 69,023, Tex.Cr.App., July 2, 1986 (not yet reported), the Court of Criminal Appeals has given its strongest suggestion to date that multiple charging instruments alleging offenses not arising from the same "criminal episode" may not be lawfully consolidated for trial:

> We do not decide whether the implicit pleading requirements of [Code Cr.P. art. 21.24] allow the State to join nonproperty offenses through separate indictments. However, even if the State could successfully join nonproperty offenses for a single trial through separate indictments, it would still face at least two remaining procedural hurdles that might prevent it from obtaining more than one conviction in a single trial. First, a defendant might still have a constitutional right to request severance of the offenses into separate trials. Second, even in the absence of an objection, it would seem that a trial court only has authority to accept a single general verdict from the jury in a trial for nonproperty offenses. [Code Cr.P. art. 37.07; *Ex parte Siller*, *supra*.] We believe that, following our abandonment of the carving doctrine, the State effectively will have to obtain multiple convictions for nonproperty offenses through multiple trials until the Legislature alters pleading and verdict restrictions.

—— S.W.2d at ——, n. 13 (some citations omitted).

■ Concluding, as we must, that there is no genuine distinction between the situation presented here and that presented in *Drake* and *Siller*, we hold that the State is statutorily prohibited from consolidating for trial two or more charging instruments alleging offenses that do not arise out of the same "criminal episode" as defined in Pen.Code § 3.01. We further hold, in accordance with the teaching of *Drake* and *Siller*, that where such a trial results in the defendant's conviction for more than one of the erroneously consolidated offenses, the defendant is entitled to relief if he preserved the error by an appropriate trial objection *or* if the offenses for which he was convicted arose out of the same "criminal transaction."

For the purposes of the *Drake-Siller* principle, "criminal transaction" has been narrowly defined as a single criminal act, or two or more acts if they are actually variations of the same act such that a "single guilty intent" runs through and connects both acts. *McEntire v. State*, 698 S.W.2d 652 (Tex.Cr.App.1985); *Crawford v. State*, 19 S.W. 766 (Tex.Cr.App.1892); *Leal v. State*, 711 S.W.2d 702 (Tex.App.1986, pet. pending).

■ The evidence shows that appellant had more than one guilty intent on the morning in question. He first had the intent to burglarize a residence in Elgin; he then had the intent to operate a motor vehicle without the consent of the owners. We conclude, therefore, that the offenses charged against appellant arose from different criminal transactions, *see Holcomb v. State*, 696 S.W.2d 190 (Tex.App.1985, pet. granted), and that he waived his right to complain on appeal by failing to object to the consolidation of the two indictments for trial or to protest the dual convictions. *Drake v. State*, *supra*. Points four and five are overruled.

The judgments of conviction are affirmed.