

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 2-07-362-CR
### 2-07-363-CR

SHAWN VAHID KHARRAZI                                     APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  Introduction

------------

[1] *See* Tex. R. App. P. 47.4.

In four points, Appellant Shawn Vahid Kharrazi challenges his conviction for possession of a controlled substance, four grams or more but less than 400 grams.[2] We affirm.

## II. Background

Arlington Police Detective Jason Rash testified that on May 27, 2005, at roughly 2:00 a.m., he "heard the squealing of tires coming up behind [him.]" He saw Kharrazi run two red lights, drive at a high rate of speed, and cross three lanes on Interstate 30 without signaling. Rash testified that he turned on his overhead lights and siren, but Kharrazi did not immediately stop. Kharrazi eventually stopped at a red light. Rash said he told Kharrazi to turn off his vehicle, but Kharrazi then quickly sped away. Rash testified that at this time another officer joined the pursuit; Kharrazi refused to stop for either officer. Rash said that Kharrazi ultimately pulled into the driveway of his mother's house, jumped out of the car, and took off running. Rash testified that Kharrazi resisted multiple officers' attempts to take him into custody before he was ultimately apprehended.

---

[2] *See* Tex. Health & Safety Code Ann. § 481.116 (Vernon 2003). Kharrazi states in his brief that he offers no points of error with respect to his conviction for evading arrest or detention using a vehicle. *See* Tex. Penal Code Ann. § 38.04 (Vernon 2003).

Arlington Police Officer Brian Hamilton testified that on February 23, 2006, he heard Kharrazi revving his engine and screeching his tires in the parking lot of Fantasy Ranch—a strip club. Hamilton testified that he witnessed Kharrazi fail to use his turn signal and travel at a high rate of speed. Hamilton initiated a traffic stop. After stopping Kharrazi, Hamilton testified that Kharrazi's vehicle smelled of marihuana and that he and a field-training officer searched Kharrazi's vehicle and found fifty ecstasy tablets,[3] a small amount of marihuana, and $480.00.

In separate indictments, the State charged Kharrazi with possession with intent to deliver a controlled substance and with evading arrest or detention using a vehicle. The cases were consolidated and heard by the same jury. The jury found Kharrazi guilty of possession of a controlled substance and of evading arrest or detention with a vehicle. The jury assessed punishment at eighteen years' incarceration and a $10,000 fine for the possession charge and one year's incarceration and a $5,000 fine for the evading arrest charge.[4] This appeal followed.

**III. Discussion**

---

[3] The ecstasy tablets, methylendioxy methamphetamine, were the basis of the possession charge.

[4] Kharrazi's sentences will run concurrently.

3

The basis of all four of Kharrazi's points is ineffective assistance of counsel. Specifically, although his overarching complaint is that trial counsel should have moved to sever his two cases, he contends that he received ineffective assistance because trial counsel failed to make objections based on evidence rules 401, 403, and 404(b); lacked a coherent trial strategy; failed to present more defense testimony on the possession charge; and failed to object to the State's closing argument during the punishment phase.[5]

## A. Standard of Review

We apply a two-pronged test to ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, an appellant must show that his counsel's performance was deficient; second, an appellant must show the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms

---

[5] Although he alleges that trial counsel made "hundreds of errors," these are the errors he specifically lists.

at the time of the alleged error. *Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, that is, a trial whose result is reliable. *Id.* at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

**B. Analysis**

When ineffective assistance is raised on direct appeal, as it has been in this case, appellate counsel and the court must proceed on a trial record not developed for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.[6] *Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003). Some claims may be disposed of on direct appeal where trial counsel's ineffectiveness is "apparent from the record." *Massaro v. United States*, 538 U.S. 500, 508, 123 S. Ct. 1690, 1696 (2003); *Freeman*, 125 S.W.3d at 506–07. But such situations are quite rare. *See Freeman*, 125 S.W.3d at 506–07.

Although Kharrazi states that his trial counsel lacked a trial strategy, that there was "no plausible basis in this case" to subject the jury to the evidence of evading arrest when trial counsel should have been defending him on the drug charge, and that "[t]he only possible benefit to trying these cases together was less work for trial counsel," from the face of the record, at least one of Kharrazi's trial counsel's strategies in not severing the two cases is obvious: Kharrazi wanted probation. Before voir dire, the trial court asked if the parties planned to proceed on both cases and trial counsel replied, "Correct. [Kharrazi's] going to file an application for probation. . . . We'll do that before

---

[6] There was no hearing on Kharrazi's motions for new trial, and Kharrazi did not complain about ineffective assistance of counsel in those motions.

6

the jury is seated." Trial counsel checked for potential jurors who could consider probation during voir dire.

During the punishment phase, Kharrazi himself testified, requesting probation and drug counseling from the jury and promising that he could obey the terms and conditions of probation if it were granted to him. He testified that his current employer knew that he was seeking probation and that "from what my manager said, they would back me up 100 percent." All of his witnesses during the punishment phase: his former and current employers, a family friend, and his father, asked the jury to consider probation for him.

Kharazzi testified that he had never been convicted of any felonies until this trial. His probation application, signed by Kharrazi and sworn before the deputy district clerk, dated the same day as voir dire, states: "The Defendant herein represents that he has never been convicted of a felony in this or any other state, and asks the Court to submit to the Jury this application for a probated sentence."

Evading arrest, Kharrazi's 2005 charge, is a state jail felony.[7] If Kharrazi had been tried and convicted on this charge first, then he would not have been eligible for probation when tried for the second, more serious, charge. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 4(e) (Vernon 2008) (stating that a defendant is eligible for community supervision only if before the trial begins the defendant files a written sworn motion with the judge that the defendant has not previously been convicted of a felony in this or any other state, and the jury enters in the verdict a finding that the information in the defendant's motion is true).

With regard to the evading arrest charge, several officers who were involved in pursuing and subduing Kharrazi testified; the footage from the initial pursuing officer's dashboard camera and from Kharrazi's interview in the intoxilyzer room after he was arrested were admitted into evidence and published to the jury. With regard to the possession charge, the officer involved testified that he saw Kharrazi make some traffic violations, which led him to conduct a traffic stop. The reek of marihuana from Kharrazi's vehicle led

---

[7] *See* Tex. Penal Code Ann. § 12.35 (Vernon Supp. 2008); *id.* § 38.04(b)(1) (Vernon 2003). Possession with intent to deliver is a first degree felony. *See* Tex. Health & Safety Code Ann. § 481.113(d) (Vernon 2003); Tex. Penal Code Ann. § 12.32 (Vernon 2003). Possession is a second degree felony. *See* Tex. Health & Safety Code Ann. § 481.113(a), (d); Tex. Penal Code Ann. § 12.33 (Vernon 2003).

him to search the vehicle and to discover marihuana and the fifty ecstasy tablets. On these facts, we cannot say that Kharrazi received ineffective assistance of counsel when the only route to get the probation he wanted was to try the two cases together.[8]

Additionally, Kharrazi has failed to establish that had his trial counsel moved to sever the indictments, the outcome of the proceeding would have been different. At the beginning of trial, Kharrazi faced both a first-degree felony and a state jail felony, and he faced the potential stacking of a ninety-nine year sentence for the first-degree felony with a possible two-year jail sentence for the state jail felony. Even though Kharrazi claims that "[t]he lack of a coherent trial strategy is obvious when considering that separate trials would have exposed [him] to the stacking of a possible life sentence with a

---

[8] Furthermore, where a defendant is faced with multiple pending indictments, those indictments may be consolidated into a single proceeding with the express or implied—by failure to object—consent of the defendant. *Garza v. State*, 687 S.W.2d 325, 330 (Tex. Crim. App. 1985) (citing *Watson v. State*, 488 S.W.2d 816 (Tex. Crim. App. 1972)); *Jones v. State*, 480 S.W.2d 623, 623 (Tex. Crim. App. 1972). This is true whether the pending indictments arise "from the same or different transaction[s], [or] are alleged in separate indictments." *Cervantes v. State*, 815 S.W.2d 569, 571 (Tex. Crim. App. 1991), *cert. denied*, 502 U.S. 1110 (1992). Here, because Kharrazi failed to object to consolidation of the indictments, he impliedly consented to the single proceeding. Although Kharrazi makes a novel argument that the words "or different transactions" is dicta and does not apply in his case, we need not address it based on our discussion above. *See* Tex. R. App. P. 47.1.

9

two-year sentence," he directs us to no evidence that his punishment of a concurrent eighteen-year sentence with a one-year sentence would have been less harsh had he received separate trials for each indictment. *See Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999) ("[A] defendant claiming ineffective assistance of counsel must affirmatively prove prejudice.").  And because we cannot say from this record that trial counsel was ineffective by not moving to sever the two cases, we also cannot say that his decision not to object to the evidence presented in each respective case as extraneous offense evidence with regard to the other, or to object during the State's closing argument on punishment was error.[9]  We overrule Kharrazi's four points.

## IV.  Conclusion

Having overruled all of Kharrazi's points, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

---

[9] When the record is silent as to counsel's reason for failing to object, an appellant fails to rebut the presumption that counsel acted reasonably. *Thompson*, 9 S.W.3d at 814.

10

Tex. R. App. P. 47.2(b)

DELIVERED: February 5, 2009