COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                       NOS.
2-07-362-CR

                                               2-07-363-CR

 

 

SHAWN VAHID KHARRAZI                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In four points, Appellant Shawn Vahid Kharrazi
challenges his conviction for possession of a controlled substance, four grams
or more but less than 400 grams.[2]  We affirm. 









II. 
Background

Arlington Police Detective Jason Rash testified
that on May 27, 2005, at roughly 2:00 a.m., he Aheard
the squealing of tires coming up behind [him.]@ He saw
Kharrazi run two red lights, drive at a high rate of speed, and cross three
lanes on Interstate 30 without signaling. 
Rash testified that he turned on his overhead lights and siren, but
Kharrazi did not immediately stop. 
Kharrazi eventually stopped at a red light.  Rash said he told Kharrazi to turn off his
vehicle, but Kharrazi then quickly sped away. 
Rash testified that at this time another officer joined the pursuit;
Kharrazi refused to stop for either officer. 
Rash said that Kharrazi ultimately pulled into the driveway of his
mother=s house,
jumped out of the car, and took off running. 
Rash testified that Kharrazi resisted multiple officers=
attempts to take him into custody before he was ultimately apprehended. 








Arlington Police Officer Brian Hamilton testified
that on February 23, 2006, he heard Kharrazi revving his engine and screeching
his tires in the parking lot of Fantasy RanchCa strip
club.  Hamilton testified that he
witnessed Kharrazi fail to use his turn signal and travel at a high rate of
speed.  Hamilton initiated a traffic
stop.  After stopping Kharrazi, Hamilton
testified that Kharrazi=s vehicle smelled of marihuana
and that he and a field-training officer searched Kharrazi=s
vehicle and found fifty ecstasy tablets,[3]
a small amount of marihuana, and $480.00. 

In separate indictments, the State charged
Kharrazi with possession with intent to deliver a controlled substance and with
evading arrest or detention using a vehicle. 
The cases were consolidated and heard by the same jury.  The jury found Kharrazi guilty of possession
of a controlled substance and of evading arrest or detention with a
vehicle.  The jury assessed punishment at
eighteen years= incarceration and a $10,000
fine for the possession charge and one year=s
incarceration and a $5,000 fine for the evading arrest charge.[4]  This appeal followed.

III. Discussion








The basis of all four of Kharrazi=s points
is ineffective assistance of counsel.  Specifically, although his overarching
complaint is that trial counsel should have moved to sever his two cases, he
contends that he received ineffective assistance because trial counsel failed
to make objections based on evidence rules 401, 403, and 404(b); lacked a
coherent trial strategy; failed to present more defense testimony on the
possession charge; and failed to object to the State=s
closing argument during the punishment phase.[5]

A. Standard of Review

We apply a two-pronged test to ineffective
assistance of counsel claims.  Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, an appellant must show that his
counsel=s
performance was deficient; second, an appellant must show the deficient
performance prejudiced the defense.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. 








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  A[C]ounsel
is strongly presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment.@  Id. at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson,
9 S.W.3d at 814.  Our scrutiny of counsel=s
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair trial, that is, a trial whose result is
reliable.  Id. at 687, 104 S. Ct.
at 2064.  In other words, appellant must
show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding whose result is being challenged.  Id. at 697, 104 S. Ct. at 2070.

B. Analysis








When ineffective assistance is raised on direct
appeal, as it has been in this case, appellate counsel and the court must
proceed on a trial record not developed for the object of litigating or
preserving the claim and thus often incomplete or inadequate for this purpose.[6]  Freeman v. State, 125 S.W.3d 505, 506B07 (Tex.
Crim. App. 2003).  Some claims may be
disposed of on direct appeal where trial counsel=s
ineffectiveness is Aapparent from the record.@  Massaro v. United States, 538 U.S.
500, 508, 123 S. Ct. 1690, 1696 (2003); Freeman, 125 S.W.3d at 506B07.  But such situations are quite rare.  See Freeman, 125 S.W.3d at 506B07.  

Although Kharrazi states that his trial counsel
lacked a trial strategy, that there was Ano
plausible basis in this case@ to
subject the jury to the evidence of evading arrest when trial counsel should have
been defending him on the drug charge, and that A[t]he
only possible benefit to trying these cases together was less work for trial
counsel,@ from
the face of the record, at least one of Kharrazi=s trial
counsel=s
strategies in not severing the two cases is obvious:  Kharrazi wanted probation.  Before voir dire, the trial court asked if
the parties planned to proceed on both cases and trial counsel replied, ACorrect.
[Kharrazi=s] going to file an application
for probation. . . . We=ll do that before the jury is
seated.@  Trial counsel checked for potential jurors
who could consider probation during voir dire.








During the punishment phase, Kharrazi himself
testified, requesting probation and drug counseling from the jury and promising
that he could obey the terms and conditions of probation if it were granted to
him.  He testified that his current
employer knew that he was seeking probation and that Afrom what
my manager said, they would back me up 100 percent.@  All of his witnesses during the punishment
phase:  his former and current employers,
a family friend, and his father, asked the jury to consider probation for him.

Kharazzi testified that he had never been
convicted of any felonies until this trial. 
His probation application, signed by Kharrazi and sworn before the
deputy district clerk, dated the same day as voir dire, states:  AThe
Defendant herein represents that he has never been convicted of a felony in
this or any other state, and asks the Court to submit to the Jury this
application for a probated sentence.@








Evading arrest, Kharrazi=s 2005
charge, is a state jail felony.[7]  If Kharrazi had been tried and convicted on
this charge first, then he would not have been eligible for probation when
tried for the second, more serious, charge. 
See Tex. Code Crim. Proc. Ann. art. 42.12, ' 4(e)
(Vernon 2008) (stating that a defendant is eligible for community supervision
only if before the trial begins the defendant files a written sworn motion with
the judge that the defendant has not previously been convicted of a felony in
this or any other state, and the jury enters in the verdict a finding that the
information in the defendant=s motion
is true).  

With regard to the evading arrest charge, several
officers who were involved in pursuing and subduing Kharrazi testified; the
footage from the initial pursuing officer=s
dashboard camera and from Kharrazi=s
interview in the intoxilyzer room after he was arrested were admitted into
evidence and published to the jury.  With
regard to the possession charge, the officer involved testified that he saw
Kharrazi make some traffic violations, which led him to conduct a traffic
stop.  The reek of marihuana from
Kharrazi=s
vehicle led him to search the vehicle and to discover marihuana and the fifty
ecstasy tablets.  On these facts, we
cannot say that Kharrazi received ineffective assistance of counsel when the
only route to get the probation he wanted was to try the two cases together.[8]













Additionally, Kharrazi has failed to establish
that had his trial counsel moved to sever the indictments, the outcome of the
proceeding would have been different.  At
the beginning of trial, Kharrazi faced both a first-degree felony and a state
jail felony, and he faced the potential stacking of a ninety-nine year sentence
for the first-degree felony with a possible two-year jail sentence for the
state jail felony.  Even though Kharrazi
claims that A[t]he lack of a coherent trial
strategy is obvious when considering that separate trials would have exposed
[him] to the stacking of a possible life sentence with a two-year sentence,@ he
directs us to no evidence that his punishment of a concurrent eighteen-year
sentence with a one-year sentence would have been less harsh had he received
separate trials for each indictment.  See
Mitchell v. State, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999) (A[A]
defendant claiming ineffective assistance of counsel must affirmatively prove
prejudice.@).  And because we cannot say from this record
that trial counsel was ineffective by not moving to sever the two cases, we
also cannot say that his decision not to object to the evidence presented in
each respective case as extraneous offense evidence with regard to the other,
or to object during the State=s
closing argument on punishment was error.[9]  We overrule Kharrazi=s four
points.

IV.  Conclusion

Having overruled all of Kharrazi=s
points, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

 

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: February 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Health & Safety
Code Ann. ' 481.116 (Vernon
2003).  Kharrazi states in his brief that
he offers no points of error with respect to his conviction for evading arrest
or detention using a vehicle.  See
Tex. Penal Code Ann. ' 38.04 (Vernon
2003).





[3]The ecstasy tablets,
methylendioxy methamphetamine, were the basis of the possession charge.





[4]Kharrazi=s sentences will run
concurrently. 





[5]Although he alleges that
trial counsel made Ahundreds of errors,@ these are the errors he
specifically lists. 





[6]There was no hearing on
Kharrazi=s motions for new trial,
and Kharrazi  did not complain about
ineffective assistance of counsel in those motions.





[7]See Tex. Penal Code Ann. ' 12.35 (Vernon Supp.
2008); id. ' 38.04(b)(1) (Vernon
2003).  Possession with intent to deliver
is a first degree felony.  See
Tex. Health & Safety Code Ann. ' 481.113(d) (Vernon 2003); Tex. Penal Code
Ann. ' 12.32 (Vernon
2003).  Possession is a second degree
felony.  See Tex. Health &
Safety Code Ann. ' 481.113(a), (d);
Tex. Penal Code Ann. ' 12.33 (Vernon
2003). 





[8]Furthermore, where a
defendant is faced with multiple pending indictments, those indictments may be
consolidated into a single proceeding with the express or impliedCby failure to objectCconsent of the
defendant.  Garza v. State, 687
S.W.2d 325, 330 (Tex. Crim. App. 1985) (citing Watson v. State, 488
S.W.2d 816 (Tex. Crim. App. 1972)); Jones v. State, 480 S.W.2d 623, 623
(Tex. Crim. App. 1972).  This is true
whether the pending indictments arise Afrom the same or different transaction[s], [or]
are alleged in separate indictments.@  Cervantes
v. State, 815 S.W.2d 569, 571 (Tex. Crim. App. 1991), cert. denied,
502 U.S. 1110 (1992).  Here, because
Kharrazi failed to object to consolidation of the indictments, he impliedly
consented to the single proceeding. 
Although Kharrazi makes a novel argument that the words Aor different transactions@ is dicta and does not
apply in his case, we need not address it based on our discussion above.  See Tex. R. App. P. 47.1. 





[9]When the record is silent
as to counsel=s reason for failing to
object, an appellant fails to rebut the presumption that counsel acted
reasonably.  Thompson, 9 S.W.3d at
814.