Andrew **MILLIGAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 802–87, 803–87.

Court of Criminal Appeals of Texas, En Banc.

Feb. 15, 1989.

Art Keinarth, Smithville, for appellant.

Charles D. Penick, Dist. Atty., and John M. Hawkins, Asst. Dist. Atty., Bastrop, Robert Huttash, State's Atty., and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant was charged in two separate indictments for the offenses of unauthorized use of a motor vehicle and burglary of a habitation. V.T.C.A., Penal Code, Sections 30.02 and 31.07 (1974). Appellant was tried and convicted under both indictments in a single trial before a jury. At punishment, the jury sentenced appellant, after a single enhancement on both indictments, to twenty years' and fifty years' respectively in the Texas Department of Corrections.

On direct appeal, appellant's convictions were affirmed by the Austin Court of Appeals in a per curiam opinion. *Milligan v. State*, 733 S.W.2d 664 (Tex.App.–Austin 1987).

We granted appellant's petition for discretionary review on three grounds. The first two grounds for review will be remanded to the Court of Appeals for harm analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure. See *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988). Therefore, we will limit our review of appellant's petition to his third ground which alleges that the Court of Appeals erred in affirming both convictions since they arose as the result of a single trial. In reviewing this ground we find the Court of Appeals committed no error in reaching their result.

At trial, evidence was presented that in September, 1985, appellant entered a residence in Elgin without permission and while the occupants were asleep. Appellant left the residence with several articles including the keys to an automobile parked outside. It was in this automobile that appellant made his escape.

Appellant was thereafter arrested, indicted for each of the offenses, and tried before a jury on both indictments. The resulting convictions form the basis of appellant's ground for review.

In the case at bar, appellant proceeded to trial under both indictments and never, either before or during the proceedings against him, objected to the consolidation of those charges.

It has long been the rule in this State that where a defendant is faced with multiple pending indictments, those indictments may be consolidated into a single proceeding with the express or implied (by failure to object) consent of the defendant. *Garza v. State*, 687 S.W.2d 325 (Tex.Cr. App.1985), citing *Watson v. State*, 488 S.W. 2d 816 (Tex.Cr.App.1972); *Jones v. State*, 480 S.W.2d 623 (Tex.Cr.App.1972); *Royal v. State*, 391 S.W.2d 410 (Tex.Cr.App.1965), and see also *Johnson v. State*, 509 S.W.2d 322 (Tex.Cr.App.1974).

As a result, appellant, in failing to object to the consolidation of the two indictments into a single trial, is deemed to have given his consent. Having consented to a single trial for both indictments, appellant is barred from complaining of the resulting multiple convictions. Therefore, the Court of Appeals reached the correct result.

The remaining two grounds for review deal with the Court of Appeals' treatment of appellant's complaint relating to the jury instructions on parole. In *Rose*, supra, this Court determined that Article 37.07, Section 4, V.A.C.C.P., was unconstitutional and such error should be reviewed in light of the harmless error analysis set out in Tex.R.App.P. 81(b)(2). We must therefore vacate the judgment of the Court of Appeals and remand this cause to them for a harm analysis as required by that opinion.

TEAGUE, J., concurs in the result.