Opinion issued April 2, 2009











 


     


In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00705-CR
NO. 01-08-00706-CR




CHRISTOPHER JAMES HOLMES, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause Nos. 1145771 & 1145772




MEMORANDUM OPINION 

          Following a joint trial on two indictments, the jury found appellant,
Christopher James Holmes, guilty of aggravated robbery and aggravated assault of
a public servant.


 Appellant pled true to two enhancement allegations contained in
each indictment. The jury assessed punishment at 99 years in prison for the
aggravated robbery offense and life in prison for the aggravated assault offense. 
          In his sole issue, appellant complains that the State did not give the required
notice that the two indictments would be tried in one proceeding.
          We affirm. 
Background
          Luis Cruz owns a shop that sells tires and rims. Appellant came into the shop
and requested new rims and tires for his car. Cruz put the new rims and tires on
appellant’s car. Appellant led Cruz to believe that he would pay for the rims and
tires, but instead appellant brandished a handgun. Appellant fired one shot into the
floor of Cruz’s shop. Appellant left Cruz’s shop without paying for the new rims and
tires. Appellant also took $800 in cash and a cell phone belonging to Cruz. 
          Cruz’s nephew contacted the police. The police responded immediately and
spotted appellant’s car. After the police initiated a stop, appellant fled with the police
in pursuit. During the chase, appellant fired a number of shots at the police. Houston
police officer E. Williams attempted to set up a road block to stop appellant. As
appellant drove by Officer Williams, appellant pointed his handgun at Officer
Williams and fired the weapon. The shot did not hit Officer Williams.
          In two separate indictments, appellant was charged with the offenses of
aggravated robbery and aggravated assault of a public servant. Although the State
did not file notice that it would consolidate the prosecution of the two separately
charged offenses for trial purposes, both offenses were tried to a jury in a single trial. 
Appellant made no objection to the joinder of the offenses for trial purposes or to the
lack of notice by the State of the joinder. 
          Immediately before voir dire, on August 12, 2008, defense counsel raised an
issue with the trial court regarding appellant’s competence to stand trial. Defense
counsel informed the trial court that he had been appointed to represent appellant
approximately nine months earlier. He told the court that he had visited appellant in
jail on five separate occasions. Defense counsel then stated, 
 The last [visit] was August the 8th. First time he told me he was
mentally incompetent and he didn’t want to go to trial. Again this
morning I went to see him with the elections of punishment. I explained
to him that he needs to choose who he wants to assess punishment, the
Court or the jury. 
Defense counsel then informed the trial court that appellant had again told him that
“I don’t want to go to trial. I’m not making that choice.” 
          The trial court then asked defense counsel a number of questions pertinent to
appellant’s competence. The trial court ultimately asked whether defense counsel
thought appellant was not competent. Appellant’s counsel, an experienced defense
attorney of 33 years, responded that, in his opinion, appellant was competent to stand
trial. The trial court concluded by saying, “It sounds like based on what [the] Court’s
hearing is that [appellant] just doesn’t want to go through with the trial.” Defense
counsel agreed.
          A discussion was then held regarding the terms of the State’s plea offer, which
appellant rejected. Trial proceeded, resulting in appellant’s conviction. Appellant
did not file a motion for new trial, and these appeals followed. 
Analysis
          In his sole issue, appellant contends, “The cases were improperly joined
because the State did not provide written notice of its intent to do so thirty days
before trial as required by section 3.02 of the Texas Penal Code.”
          Penal Code subsection 3.02(a) provides that a defendant may be prosecuted in
a single criminal action for all offenses arising out of the same criminal episode. Tex.
Penal Code Ann. § 3.02(a) (Vernon 2003). Penal Code subsection 3.02(b) provides
that when a single criminal action is based on more than one charging instrument, the
State must file written notice of the action not less than thirty days before trial. Id.
§ 3.02(b). 
          When the State elects to consolidate prosecution of multiple offenses, “the
defendant shall have a right to a severance of the offenses.” Tex. Penal Code Ann.
§ 3.04 (Vernon Supp. 2008). The notice provision of section 3.02(b) provides a
defendant time to decide whether he wants separate trials. LaPorte v. State, 840
S.W.2d 412, 414 (Tex. Crim. App. 1992). The Court of Criminal Appeals has
recognized that a defendant gives his implied consent to the consolidation of multiple
indictments into one proceeding when he does not object. LaPorte v. State, 840
S.W.2d 412, 414 (Tex. Crim. App. 1992); Milligan v. State, 764 S.W.2d 802, 803
(Tex. Crim. App. 1989). 
          Appellant acknowledges that he did not object to the lack of section 3.01(b)
notice by the State. Instead, appellant directs us to the discussion between defense
counsel and the trial court in which counsel informed the court that appellant had
claimed to be “mentally incompetent” and had told his counsel that he did not want
to go to trial or make a decision regarding who would determine punishment. 
          Appellant asserts in his brief, “Whatever the merits of Appellant’s competency
claim, it is apparent that he was not cooperating in the trial. Therefore, it cannot be
said he waived the joinder issue because he acquiesced on nothing.” 
          Appellant’s reasoning is without support. The Court of Criminal Appeals has
explained that a defendant waives his objection to the lack of a 3.02(b) notice by
making no objection. See LaPorte, 840 S.W.2d at 415. In other words, waiver occurs
by a defendant’s inaction. No requirement exists that a defendant must in some
manner “acquiesce” or affirmatively agree to the waiver of notice or to the
consolidated prosecution of multiple offenses in one trial. See id.; Milligan, 764
S.W.2d at 803. Appellant has waived any complaint regarding lack of notice by
failing to object before trial. See York v. State, 848 S.W.2d 341, 343 (Tex.
App.—Texarkana 1993, pet. ref’d) (holding that appellant waived error by failing to
object to State’s failure to give proper notice of consolidation of two indictments into
single trial).
          Moreover, appellant’s contention that he “was not cooperating in the trial” has
no support in the record beyond the statement by defense counsel that appellant had
told him that he did not want to go to trial or to make an election regarding whether
the jury would assess punishment. Even those statements do not necessarily indicate
that he was not cooperating. Rather, as stated by the trial court, they seem to indicate
nothing more than a desire by appellant not to go to trial. 
          In addition, the record indicates appellant appeared at trial with his counsel,
pleaded not guilty following the State’s arraignment, and ultimately elected to have
the jury assess punishment. Such conduct suggests that appellant was cooperating at
trial and participating in his defense.
          Lastly, appellant complains of the State’s failure to give written notice of
joinder. Appellant does not contend that the trial court erred in this case. See
Faulkner v. State, 940 S.W.2d 308, 314–15(Tex. App.—Fort Worth 1997, pet. ref’d)
(explaining that trial court commits error, not the State). Here, because no objection
was made to the lack of 3.02(b) notice, the trial court never had an opportunity to
address appellant’s complaint. See Tex. R. App. P. 33.1.
          We overrule appellant’s sole issue. 
Conclusion
          We affirm the judgments of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Keyes, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).