**Affirmed and Memorandum Opinion filed January 31, 2012.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-11-00064-CR**

**NO. 14-11-00065-CR**

**NO. 14-11-00066-CR**

---

**ROLANDO MALDONADO GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1284893, 1290775 & 1290776**

---

## MEMORANDUM OPINION

Appellant Rolando Maldonado Garcia was convicted by a jury of one count of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact. The trial court assessed appellant's punishment for the conviction for aggravated sexual assault of a child at thirty-five years' incarceration and fifteen years' incarceration for each count of indecency with a child, to run consecutively. Appellant challenges the legal sufficiency of the evidence supporting his convictions for indecency with a child. We affirm.

BACKGROUND

Noemi Orellano Garcia moved from El Salvador to the United States in 1994. Garcia met appellant in December 1995. Garcia's son, K.C., was about two and one-half years old when he came to the United States at the beginning of 1996. Garcia and appellant started sharing a home in 1996, and married in February 1997. Garcia and appellant separated in 2004 or 2005, after Garcia found out that appellant was bisexual or homosexual and cheated on her with men during their marriage. Garcia continued to let appellant take care of her children.

K.C., who was seventeen at the time of the trial, testified the first incident with appellant occurred when he was in the fifth grade. The family had been watching a movie, and K.C.'s sisters had fallen asleep. Appellant told K.C. that he wanted to hug him and started talking to K.C. about sex and touching K.C.'s penis inside his clothes. At first, K.C. thought it was normal because appellant was teaching him about sex. The next incident occurred when appellant woke K.C. on a Sunday to have K.C. shower with him where he touched K.C.'s penis. Appellant told K.C. he had "to do it back and he did it to me . . . ." This made K.C. feel "[p]retty uncomfortable." Appellant would take showers with K.C. once a week. K.C. never told Garcia that appellant was taking showers with him because he thought she knew.

The first time appellant put his mouth on K.C.'s penis was when K.C. was in the sixth or seventh grade before they took a shower. "It was the same almost every Sunday. [Appellant] would wake me up first and then he would go over and get in bed with me and then he will touch my penis. And then . . . he just went down and put his mouth on my penis." Appellant had K.C.'s penis in his mouth for ten minutes at a time. Appellant put K.C.'s penis in his mouth five times. Appellant would touch K.C.'s penis two or three times a week for "an hour or 30 minutes" at a time.

When he was thirteen, K.C. went to live with his father in Maryland. K.C realized that what appellant was doing to him was not right because when he was with his father,

2

he "was surrounded by a lot of guys and [he] learned some stuff is wrong." When K.C. returned from Maryland, appellant continued to touch his penis. K.C. did not tell Garcia because he thought it was going to affect his sisters and that they would hate him for telling. K.C. did not tell appellant to stop because he thought appellant was going to threaten him. K.C. was embarrassed and scared.

After K.C. returned from Maryland, appellant took him fishing. Appellant took his and K.C.'s clothes off, started kissing K.C. on the mouth, touching K.C.'s penis, and putting his mouth on it. When K.C. realized that what appellant was doing to him was wrong, he tried to avoid appellant. K.C. eventually told Garcia about the abuse in 2009. K.C. testified that only once did appellant say he was touching K.C. to teach him about sex. Garcia took K.C. to the Children's Assessment Center (CAC) where a forensic interviewer interviewed K.C.

Micky Stephens Miller with the Houston Police Department juvenile sex crimes observed the interview with K.C. at the CAC and believed a potential offense had occurred. Miller then interviewed appellant. According to Miller, appellant was nervous and had a "smirk on his face." Appellant claimed he had only touched K.C. in a fatherly way. Appellant admitted that he had taken baths with K.C. until he was ten years old, but denied taking baths with his own daughters. Appellant's taking baths with K.C. until he was ten years old "raised a red flag" with Miller. Miller believed that appellant was lying about most of what he was telling her. Appellant "basically admitted to some of the things that were being accused," but was trying to "make it less than what it really is." Appellant said he touched K.C, but he explained that because K.C. was sexually active, he was trying to teach K.C "about how he shouldn't be with girls and they'll give him diseases and things like that." Appellant told Miller that he was trying to give K.C. sexual instructions.

Appellant admitted at trial that he touched K.C. on the penis and, at the time, he thought "it was normal." Appellant explained that he "just wanted teach him about, you

3

know, being a man," although he also testified that he did not touch K.C. for sexual instruction. Appellant stated that he had taken showers with K.C. since "he was a little kid," from age three to age ten. Appellant thought it was "normal" to take showers with K.C, although he denied taking K.C.'s penis in his hand in the shower or washing K.C.'s private area or having K.C. wash his private area. Appellant stopped taking showers with K.C. when he went to live with his father, and did not take showers with K.C. when he returned. Appellant denied putting his mouth on K.C.'s penis.

Appellant did not tell Garcia that he was giving K.C. lessons on sex because he did not think it was necessary. Appellant testified that he did not tell K.C. not to tell anyone what he was doing or threaten him that if he did tell someone he would punish him. Appellant claimed that he did not touch K.C. for sexual gratification.

The jury found appellant guilty of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact. The trial court assessed punishment at thirty-five years' incarceration for the conviction for aggravated sexual assault of child and fifteen years' incarceration for each conviction for indecency with a child, to run consecutively. This appeal followed.

## ANALYSIS

In his two issues on appeal, appellant contends that the evidence is legally insufficient to support his two convictions for indecency with a child because the State did not prove that he had the requisite intent to arouse or gratify his sexual desire.

We review the sufficiency of the evidence in this case under a rigorous and proper application of the *Jackson v. Virginia*, 443 U.S. 307 (1979), legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 906 (Tex. Crim. App. 2010) (plurality opinion). When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences from it, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim.

4

App. 2011); *see also Jackson*, 443 U.S. at 319. The jury is the exclusive judge of the credibility of witnesses and the weight to be given to the evidence. *See Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Further, we defer to the jury's responsibility to fairly resolve or reconcile conflicts in the evidence. *Id.* We draw all reasonable inferences from the evidence in favor of the verdict. *Id.* This standard applies to both circumstantial and direct evidence. *Id*.

To prove that appellant committed the offense of indecency with a child by contact, the State had to establish that appellant engage in sexual contact with K.C., a child younger than seventeen, by touching his genitals with the intent to arouse or gratify his sexual desire. TEX. PENAL CODE ANN. § 21.11 (West 2011). The requisite specific intent to arouse or gratify can be inferred from the defendant's conduct and remarks and all the surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981); *Bazanes v. State*, 310 S.W.3d 32, 40 (Tex. App.—Fort Worth 2010, pet. ref'd); *Villanueva v. State*, 209 S.W.3d 239, 246 (Tex. App.—Waco 2006, no pet.). A stated expression of intent is not required; the conduct itself is sufficient to infer intent. *Bazanes*, 310 S.W.3d at 40; *Villanueva*, 209 S.W.3d at 246. The testimony of a child victim alone is sufficient to support a conviction for indecency with a child. *Navarro v. State*, 241 S.W.3d 77, 81 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Connell v. State*, 233 S.W.3d 460, 467 (Tex. App.—Fort Worth 2007, no pet.).

K.C. testified about the numerous incidents of appellant's touching his penis. Appellant admitted that he touched K.C.'s penis, although he tried to characterize such conduct as done in a "fatherly way." Despite appellant's insistence that touching K.C.'s penis and showering with K.C. was "normal," the jury could infer that, from appellant's repeated incidents of touching K.C. over a number of years, and his failure to tell Garcia what he was doing to K.C., appellant's actions were taken with the specific intent to arouse or gratify his sexual desires. *See Connell*, 233 S.W.3d at 467 (observing that the complainant testified that "the rubbing of his bottom occurred 'a lot more than once'" and

5

noting that "[e]vidence of a common pattern of similar acts is admissible as tending to prove intent"). Although appellant denied at trial that he touched K.C.'s penis for his own sexual gratification, an admission of such intent is not necessary to find that appellant engaged in that conduct with the specific intent to arouse or gratify his sexual desires. *See Couchman v. State*, 3 S.W.3d 155, 163 (Tex. App.—Fort Worth 1999, pet. ref'd) (holding evidence was legally sufficient to support a finding that appellant acted with intent to arouse or gratify his sexual desire where he claimed that he touched the complainant's genitals for "hygienic purposes" and denied that he touched her with sexual intent). Here, the jury was the sole judge of the credibility of the witnesses and the weight to be given the evidence. *See Isassi*, 330 S.W.3d at 638.

Appellant argues there is direct evidence of his legitimate intent because K.C. testified that, on at least one occasion, appellant was teaching him about sex. However, K.C. testified that it was only "[j]ust one time" that appellant told K.C. that he was touching him in order to teach him about sex. K.C. testified as to numerous occasions over several years that appellant touched him without offering the excuse that it was for educational purposes.

Viewing all of the evidence in the light most favorable to the verdict, we hold that the evidence is legally sufficient to show that appellant engaged in sexual contact with K.C. with the specific intent to arouse or gratify his sexual desires. *See Bazanes*, 310 S.W.3d at 40–41 (holding that evidence was sufficient to support a finding that the appellant acted with the intent to arouse or gratify his sexual desire where he tried to kiss the complainant, put his tongue in her mouth, put his hand under her underwear and touched her genitals, put his hand under her shirt and touched her breast, and took her hand and placed it on his penis); *Connell*, 233 S.W.3d at 467 (holding that the jury could infer that touching the complainant's anus was done with the intent to arouse and gratify the appellant's sexual desire where he massaged the complainant's bottom to help him sleep, touched his anus on one occasion, pulled the complainant's boxers down during

6

those massages, and touched his genitals during a "knot" check). We overrule appellant's first and second issues.[1]

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/          Sharon McCally
Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[1] Although not raised as a separate issue, appellant appears to complain that, without citation to the record, the charge for aggravated sexual assault of a child should have been tried separately from the charges for indecency with a child. However, because the record does not show that appellant objected to the consolidation of the charges for prosecution or requested a severance, appellant has waived any complaint on appeal. *See Darling v. State*, 262 S.W.3d 913, 915 (Tex. App.—Texarkana 2008, pet. ref'd); *Gaffney v. State*, 940 S.W.2d 682, 686 (Tex. App.—Texarkana 1997, pet. ref'd); *Wedlow v. State*, 807 S.W.2d 847, 851 (Tex. App.—Dallas 1991, pet. ref'd).