

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00045-CR

_____

DONALD WAYNE WALKER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR19-0512

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Donald Wayne Walker was charged in separate indictments with two offenses of delivery of a controlled substance. A jury convicted Walker of both offenses, which were prosecuted in a single trial. Walker asserts on appeal that the State's notice of consolidation was untimely and that his trial counsel was ineffective because he failed to object to that late notice. We affirm.

## I. BACKGROUND

Davy Coker, a confidential informant working with the Parker County Sheriff's Office, bought 6.524 grams of methamphetamine from Walker on January 2, 2019. Coker made a second purchase of methamphetamine from Walker on January 14, 2019, this time for half of an "eight ball," or approximately 1.75 grams.

A grand jury subsequently returned two indictments against Walker, one for delivery of a controlled substance, methamphetamine, of four grams or more but less than 200 grams (cause number CR19-0511) and the other for delivery of a controlled substance, methamphetamine, of one gram or more but less than four grams (cause number CR19-0512). On December 11, 2019, the State filed a written notice of intent to consolidate these cases for trial.[1] Trial began on December 16, 2019.

---

[1]The written notice is entitled "Motion to Consolidate," but it is apparent from the text of the document, as well as from the governing statute, that it is a notice of consolidation rather than a motion. *See* Tex. Health & Safety Code Ann. § 481.132(b) (requiring written notice of intent to prosecute separately charged offenses in a single criminal action).

The jury convicted Walker on both charges. Walker pleaded true to several enhancements, and the jury assessed punishment at ninety-nine years' confinement for each conviction. This appeal is from the conviction in cause number CR19-0512, but it also concerns cause number CR19-0511 because the foundation of Walker's complaints on appeal is the consolidation of the two cases for trial.

## II. DISCUSSION

### A. The State's Consolidation Notice

The State is permitted to prosecute a defendant in a single criminal action for all offenses arising out of the same criminal episode. Tex. Health & Safety Code Ann. § 481.132(b). "Criminal episode" includes repeated commission of the same or similar offenses. *Id.* § 481.132(a). If the single criminal action is based on more than one charging instrument, the State must file written notice of the action no later than the thirtieth day before the date of trial. *Id.* § 481.132(b). In this case, the State filed its written notice less than a week before trial began. In his first point on appeal, Walker contends that the State's notice was not timely.

To preserve error for appellate review, a party must have brought its complaint to the attention of the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *see Gonzalez v. State*, 616 S.W.3d 585, 591 (Tex. Crim. App. 2020). Further, a defendant who fails to object to the consolidation of two indictments into a single trial is deemed to have consented to that consolidation. *Milligan v. State*, 764 S.W.2d 802, 803 (Tex. Crim. App. 1989).

3

Walker did not apprise the trial court of any complaint that the State's motion to consolidate was not timely. *See* Tex. R. App. P. 33.1(a)(1). Having failed to object to the consolidation, he is deemed to have consented to it. *See Milligan*, 764 S.W.2d at 803. Consequently, we overrule point one.

## B. Ineffective Assistance of Counsel

In his second point, Walker argues that his trial counsel rendered ineffective assistance because he failed to object to the State's untimely consolidation notice.

An appellant asserting ineffective assistance of counsel must demonstrate that his attorney's assistance "fell below an objective standard of reasonableness." *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The appellant bears the burden of proving that counsel was ineffective, and such ineffectiveness must be affirmatively demonstrated in the record. *Id.* at 813. We look to the totality of the representation and the particular circumstances of the case to evaluate counsel's effectiveness. *See id.* Our review is "highly deferential to trial counsel" and we strongly presume that "counsel's conduct fell within the wide range of reasonable professional assistance." *Id.*

In addition, the court of criminal appeals has directed that

[a]n appellate court should be especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct.

4

*Id.* at 814.

The record before us shows that Walker's trial counsel vigorously cross-examined the State's key witnesses and presented a coherent and reasonable defense on Walker's behalf. Walker challenges the effectiveness of this representation based on a single alleged omission—the failure to object to the consolidation notice. But the record is silent concerning *why* trial counsel did not object. Indeed, he may have had a strategic reason not to do so because the sentences for offenses tried jointly must run concurrently. Tex. Health & Safety Code Ann. § 481.132(d). By not objecting to the consolidation notice, trial counsel may well have intended to protect Walker from being subject to "stacked" sentences if the charges were tried separately. *See Rockins v. State*, No. 06-03-00041-CR, 2003 WL 23101086, at *2 (Tex. App.—Texarkana Dec. 30, 2003, pet. dism'd) (mem. op., not designated for publication) (explaining sound strategy of protecting against cumulative sentences by not objecting to lack of consolidation notice).

In any event, we need not speculate about trial counsel's reasons for not objecting to the late consolidation notice because the fact that the record fails to demonstrate those reasons is dispositive. "If trial counsel is not given [an] opportunity [to explain his actions], then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim.

App. 2012) (internal quotation marks omitted); *see Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013).

Walker's trial counsel has not been given an opportunity to explain why he did not object to the State's consolidation notice, and his failure to object is not "so outrageous that no competent attorney would have engaged in it." *See Nava*, 415 S.W.3d at 308; *Menefield*, 363 S.W.3d at 593. The record thus does not affirmatively demonstrate that counsel's representation was ineffective. *See Thompson*, 9 S.W.3d at 813. Accordingly, we overrule Walker's second point.

### III.  CONCLUSION

The trial court's judgment is affirmed.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 13, 2021

6