

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-20-00173-CR
No. 07-20-00174-CR

VIC ERIC PONCE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 119th District Court
Concho County, Texas[1]
Trial Court Nos. DSM-18-02007, DSM-18-02008, Honorable Ben Woodward, Presiding

July 29, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Vic Eric Ponce, appellant, was charged in two separate indictments with the offense of delivery of a controlled substance in a drug-free zone.[2]  Appellant entered an

---

[1] Originally appealed to the Third Court of Appeals, sitting in Austin, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[2] See TEX. HEALTH & SAFETY CODE ANN. § 481.134(b),(d) (West 2017).

open plea of guilty to each indictment, waived his right to a jury trial, and elected to have the trial court assess punishment. By his appeal, appellant contends the trial court erred in holding a single trial for the two charges because the State failed to give notice of consolidation as required by Texas Health & Safety Code section 481.132(b). Finding no error, we affirm the judgment of the trial court.

## Factual and Procedural Background

Appellant was charged by two separate indictments with the offense of delivery of methamphetamine to an undercover officer in a drug-free zone on June 6, 2018, and June 13, 2018. The indictments were filed in separate cause numbers. In May of 2019, a status report bearing both cause numbers was filed in each case requesting a non-jury setting for a guilty plea without a recommendation. The status report was signed by appellant, his trial counsel, and the prosecutor.

Both cases proceeded to trial on January 30, 2020. The trial court called each case and appellant pleaded guilty to each indictment. After hearing evidence, the trial court found appellant guilty of both offenses and assessed punishment for each offense at nine years' confinement in the Texas Department of Criminal Justice, the sentences to run concurrently. Appellant timely filed this appeal.

## Discussion

In his sole issue, appellant contends the trial court erred in conducting a single trial for the two offenses charged in separate indictments in the absence of the State's compliance with Health & Safety Code section 481.132(b). The State argues that

2

appellant waived his right to notice by failing to object and consented to a single trial for both indictments.

The State is permitted to prosecute a defendant in a single criminal action for all offenses arising out of the same criminal episode. TEX. HEALTH & SAFETY CODE ANN. § 481.132(b) (West 2017).[3] If a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not later than thirty days before trial. *Id.* A "criminal episode" is defined by section 481.132(a), in part, as the "commission of two or more offenses" under chapter 481 when the "offenses are the repeated commission of the same or similar offenses." § 481.132(a)(2). According to section 481.132(f), "[t]his section provides the exclusive method for consolidation and joinder of prosecutions for offenses under this chapter." § 481.132(f).

In this case, appellant proceeded to trial under both indictments and never objected, either before or during the proceedings, to the consolidation of the charges. To preserve an error for appellate review, the record must show that: (1) a complaint was made by a timely request, objection, or motion, (2) sufficiently specific to make the trial court aware of the complaint, (3) and the trial court ruled on the complaint either implicitly or explicitly. TEX. R. APP. P. 33.1(a); *see Gonzalez v. State*, 616 S.W.3d 585, 591 (Tex. Crim. App. 2020). The record does not show any such complaint. By failing to object to consolidation at trial, appellant waived his right to notice and consented to consolidation. *See Milligan v. State*, 764 S.W.2d 802, 803 (Tex. Crim. App. 1989) (multiple pending

---

[3] Further references to provisions of the Health & Safety Code will be by reference to "section __" or "§ __."

indictments may be consolidated into a single proceeding with the express or implied consent of defendant); *Walker v. State*, No. 02-20-00045-CR, 2021 Tex. App. LEXIS 3762, at *3 (Tex. App.—Fort Worth May 13, 2021, no pet.) (mem. op.).

Moreover, the record reflects that appellant affirmatively requested the non-jury setting in the status report he signed in May of 2019, more than thirty days before the trial in January of 2020. Accordingly, we conclude appellant consented to the consolidation of his offenses into a single action and overrule appellant's issue.

Conclusion

Having overruled appellant's sole issue, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.